# MANDEVILLE, TRUSTEE, ET AL. *v.* CANTERBURY.

No. 422.  Argued January 13, 1943.—Decided February 1, 1943.

*Miss Corinne L. Rice* for petitioners.

*Mr. Herbert R. Tews,* with whom *Mr. Lloyd C. Whitman* was on the brief, for respondent.

PER CURIAM.

Respondent, said to be a citizen of California who claims an interest in a trust estate created under a will probated in Illinois, brought this suit in the District Court for Northern Illinois for construction of the will, joining as defendants the trustees and other interested parties, all alleged to be citizens of Illinois.  The relief prayed is that the court, after construing the will, render a decree determining respondent's rights in the trust property and directing the trustee to account and to turn over to respondent her share in the trust property.  Included in the

trust property are tracts of land located in Minnesota, Wisconsin and Illinois.

After respondent began the present suit, petitioners brought suit in a Minnesota state court against respondent and unknown heirs, devisees and legatees of decedent and unknown beneficiaries under the will, seeking a construction of so much of the will as relates to the Minnesota land, and an adjudication of their rights in the land. Shortly afterwards petitioners also brought suit in a Wisconsin' state court against the same defendants, seeking like relief with respect to the Wisconsin land. On motion of respondent the district court granted a temporary injunction restraining the prosecution of the pending suits in Minnesota and Wisconsin. It also enjoined .further prosecution of a probate proceeding brought by petitioner Richard Canterbury Mandeville in the County Court of Rock County, Wisconsin, which sought a construction of the will and a determination of the rights of the parties under it, but with the proviso that the injunction should not restrain the probate of the will or a determination of inheritance taxes due to the state. On appeal from the injunction order the Court of Appeals for the Seventh Circuit affirmed, 130 F. 2d 208, and we granted certiorari. 317 U. S. 616.

Section 265 of the Judicial Code, 28 U. S. C. § 379, provides that except as authorized by any law relating to proceedings in bankruptcy "the writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State." To this sweeping command there is a long recognized exception that if two suits pending, one in a state and the other in a federal court, are *in rem* or quasi *in rem,* so that the court or its officer must have possession or control of the property which is the subject matter of the suits in order to proceed with the cause and to grant the relief sought, the court first acquiring jurisdiction or assuming control of such property

is entitled to maintain and exercise its jurisdiction to the exclusion of the other.

In such cases this Court has uniformly held that a federal court may protect its jurisdiction thus acquired by restraining the parties from prosecuting a like suit in a state court notwithstanding the prohibition of § 265. This exception to the prohibition has been regarded as one of necessity to prevent unseemly conflicts between the federal and state courts and to prevent the impasse which would arise if the federal court were unable to maintain its possession and control of the property, which are indispensable to the exercise of the jurisdiction it has assumed. But where the judgment sought is strictly *in personam* for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation at least until judgment is obtained in one court, which may be set up as res judicata in the other. These principles were recognized and the authorities sustaining them collected in *Penn General Casualty Co.* v. *Pennsylvania,* 294 U. S. 189, and *Toucey* v. *New York Life Ins. Co.,* 314 U. S. 118, 134–36.

The present suit, so far as it relates to the subject matter of the suits pending in Minnesota and Wisconsin, is a suit *in personam* brought against the trustees and other claimants, actual or potential, to the land located in those states. Maintenance of the suit in the district court does not require possession of the property by that court or require it to assume supervisory or administrative control of it even through exercise of its control over the trustees, at least until it has determined that respondent has some interest in the property, nor has the court undertaken to exercise such control. While jurisdiction assumed by a state court over a pending proceeding for an accounting by testamentary trustees, involving problems of administration and restoration of the corpus of the

trust, has been deemed exclusive of the jurisdiction of a federal court over a later suit there for the same relief, *Princess Lida* v. *Thompson*, 305 U. S. 456, 466–67, here the federal court has not attempted to assume such jurisdiction with respect to an asserted but contested interest in land located in another state. So far as the suits in either the federal or the state courts seek an adjudication of the interests of the parties in the land, it cannot be said that the federal court has exclusive jurisdiction. *Commonwealth Trust Co.* v. *Bradford*, 297 U. S. 613. In any case, exercise by the state courts of their jurisdiction to adjudicate the parties' rights to land located in those states involves no interference with or impairment of the jurisdiction of the federal court in Illinois, and affords no ground for the injunction restraining prosecutions of the suits in the state courts. *Commonwealth Trust Co.* v. *Bradford, supra.* The case does not come within any exception to the prohibition of § 265 of the Judicial Code.

The judgment of the Circuit Court of Appeals will be reversed with directions to the district court to vacate the injunction order.

*Reversed.*