**FIRST NAT. BANK & TRUST CO. OF RACINE v. VILLAGE OF SKOKIE.**

No. 9629.

United States Court of Appeals
Seventh Circuit.

Feb. 28, 1949.

Rehearing Denied April 11, 1949.

Charles F. Short, Jr. and P. Sveinbjorn Johnson, both of Chicago, Ill. (Howard A. Brundage, of Chicago, Ill., of counsel), for appellant.

Henry L. Wells, 'Charles C. Wooster and George R. Lyon, all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, KERNER, Circuit Judge, and LINDLEY, District Judge.

MAJOR, Chief Judge.

This is an appeal from an order of the court below, entered April 26, 1948, dissolving and terminating a temporary restraining order which had enjoined the defendant from instituting or prosecuting certain foreclosures of land and denying plaintiff's application for a temporary injunction relative thereto.

The action was instituted by the filing of a complaint on July 2, 1943, in which the plaintiff alleged that it was the owner of a substantial number of special assessment

bonds issued by the defendant, Village of Skokie, for a local improvement known as special assessment No. 60610. Certain acts of malfeasance and breaches of trust were alleged against the defendant as Trustee of such special assessment, including the improper discharging of liens and co-mingling of monies received. The complaint prayed for an accounting, an injunction against the co-mingling of funds, restoration of liens improperly discharged and the appointment of a receiver. The matter was referred to a Special Master for the purpose of taking testimony on the issues presented by the complaint, where it is still pending and where numerous hearings have been held during the intervening years.

At the time suit was filed no foreclosures of liens of special assessment No. 60610 had been filed by the defendant, and no such actions were brought until 1946, some three years after the beginning of the instant action. On April 3, 1947, plaintiff, after due notice to the defendant, filed its petition for a temporary restraining order and its motion for a preliminary injunction, seeking to restrain the defendant from instituting any foreclosure proceedings against lots and parcels of land upon which the special assessment was a lien or from further prosecuting any such action theretofore filed. Thus, the foreclosure suits sought to be restrained were those filed previously and during 1946 and 1947, as well as those threatened to be filed. It was charged that in each of the foreclosure actions the defendant had entered into agreements with the respective property owners, whereby the attorneys for those property owners, defendants in said foreclosure actions, appeared as attorneys for the Village, the plaintiff in such suits, and that such agreements and the proceedings resulting therefrom were illegal, collusive and in violation of the duty owed by the defendant, Village, as the Trustee, to the plaintiff as a bondholder. It was also alleged that plaintiff had been denied the right to intervene in the state court foreclosure proceedings and that such proceedings were the result of a conspiracy between the defendant and the property owners and an attempt to defraud plaintiff of its liens against the property included in

such actions. It was further alleged that the defendant had threatened to bring many more foreclosure actions, that a multiplicity of such actions already had been filed and that it was impossible for plaintiff to seek intervention in each of such actions, that plaintiff had no adequate remedy at law and that plaintiff would suffer great and irreparable damage if the defendant was permitted to continue with such foreclosure proceedings.

On April 3, 1947, Judge John P. Barnes entered a temporary restraining order and granted the defendant leave to answer or otherwise plead to the petition. The hearing on such application was had before Judge Elwyn R. Shaw on June 4, 1947, as a result of which an order was entered continuing in force the temporary injunction theretofore entered by Judge Barnes, pending a report by the Special Master on the issue involved in the main suit. While we doubt that it is material to the issue presented on this appeal, it is fair to state that Judge Shaw, after hearing testimony, stated and found that the procedure followed by the defendant was illegal and that its dealings with property owners were unauthorized.

On June 16, 1947, defendant filed a motion to vacate and terminate the temporary restraining order entered by Judge Barnes and continued by Judge Shaw. This motion came on for hearing on April 26, 1948, before Judge Walter J. LaBuy, who on that date entered the order appealed from.

The order under attack was premised upon the view of the court below as stated therein. The order recites "that this is an action in personam, that the courts of the State of Illinois first acquired jurisdiction over the res involved in the suits for the foreclosure of the lien of special assessment 60610 of the Village of Skokie, Illinois which were pending on April 3, 1947 when the motion for the entry of the aforesaid temporary restraining order was filed, that this court therefore was and is without jurisdiction to restrain the prosecution of said foreclosure suits." Further, the order recites "That a municipality under the statutes of the State of Illinois has the power

to foreclose the lien of special assessments, that in the exercise of said statutory power the officers of a municipality have certain statutory duties, and that this court should not prevent the officers of a municipality from performing their duties."

In the beginning, it is well to keep in mind that the order in controversy relates solely to the injunctive power of the court as it concerns foreclosure proceedings in the state court and that such proceedings were all instituted long after the commencement of the main cause of action. We think this is important, and in connection therewith it is pertinent to observe that after Judge LaBuy had suggested his willingness to issue a preliminary injunction, limited to the control and disposition of the funds received by the defendant in such foreclosure actions, the plaintiff amended its motion for a preliminary injunction so as to confine the relief sought solely to enjoining the defendant from proceeding with the foreclosure suits.

We have no difficulty in agreeing with the lower court that the cause of action stated by the plaintiff was in personam. So far as here material, as already noted, the gist of plaintiff's complaint was to require the defendant to account for money received in payment of special assessment No. 60610, and to enjoin the defendant from the wrongful co-mingling and diversion of special assessment funds and from deducting certain costs and expenses incurred in their collection. And we also agree that the foreclosure suits in the state court were actions in rem, that is, they had to do with real property upon which was attached the special assessment lien. Plaintiff appears to concede as much by the statement in its brief that its cause of action "in and of itself forms the basis for an injunction 'necessary in aid of its jurisdiction' to control the trustee in its management of the 'trust res.' "

On April 26, 1948, when the order appealed from was entered, there was in effect Sec. 265 of the Judicial Code, Title 28 U.S. C.A. § 379, which provided:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

While the courts have engrafted numerous exceptions to this prohibitory language, such exceptions were materially limited or reduced by the decision of the Supreme Court in Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967.

Thereupon, 'Congress in the Revised Judiciary Act of 1948 provided in Sec. 2283 as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The reviser's notes, page 1910, Title 28 U.S.Code Congressional Service, July, 1948, states that "the revised section restores the basic law as generally understood and interpreted prior to the Toucey decision." Assuming that such is the case, it would appear that the Toucey decision carries little, if any, weight insofar as it purports to alter the rule which the courts had theretofore proclaimed. More than that, this section did not become effective until September 1, 1948, more than four months after the entry of the order appealed from, and in any event it would, in our opinion, be of no benefit to the plaintiff. We express this view, notwithstanding plaintiff's contention that the revised provision merely affects the remedy of procedure and should be given a retroactive effect. The provision, however, is concerned with the power or authority of the court and the cases which plaintiff relies upon do not support its contention in this respect.

The applicability of the revised section is perhaps of no great importance because, while the language "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments", apparently enlarges the authority or power of the court, the fact is that such authority or power had long been recognized by the courts in certain situations as exceptions to Sec. 265. Or, as stated in plaintiff's brief, the revised section "restores the basic law as gen-

erally understood and interpreted prior to the decision in Toucey v. New York Life Insurance Co., supra."

No good purpose could be served in discussing the numerous cases relied upon by the plaintiff. Typical cases, in fact the ones most relied upon, are Looney v. Eastern Texas Railroad Co., et al., 247 U.S. 214, 38 S.Ct. 460, 62 L.Ed. 1084, and Doyne v. Saettele, 8 Cir., 112 F.2d 155. Neither of these cases, however, nor any other called to our attention, support the authority of a federal court in an action for an accounting to enjoin a proceeding in a state court which has or may acquire jurisdiction of the res. A headnote in the Doyne case reads:

"When court of competent jurisdiction has taken possession of property through its officers, that property is withdrawn from jurisdiction of all other courts which, although having concurrent jurisdiction, may not disturb that possession."

A case more nearly in point is that of Mandeville, Trustee, et al. v. Canterbury, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605, which was decided on certiorari from this court. The suit in the District Court was to construe a will, to determine plaintiff's interest therein, and to recover against the trustees a money judgment therefor. After the action was instituted, the trustees brought suit in Minnesota and Wisconsin for construction of the will, and adjudication of the rights of the parties in tracts of land located in these respective states. The District Court restrained the prosecution of these suits, which was affirmed by this court. The Supreme Court held that the injunction was improperly issued, and reversed. Referring to Sec. 265 of the Judicial Code, the court stated, 318 U.S. at page 48, 63 S.Ct. at page 473:

"To this sweeping command there is a long recognized exception that if two suits pending, one in a state and the other in a federal court, are in rem or quasi in rem, so that the court or its officer must have possession or control of the property which is the subject matter of the suits in order to proceed with the cause and to grant the relief sought, the court first acquiring jurisdiction or assuming control of such property is entitled to maintain and exercise its jurisdiction to the exclusion of the other. * * * But where the judgment sought is strictly in personam for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation at least until judgment is obtained in one court, which may be set up as res judicata in the other."

Thus, the suit in the District Court for an accounting and a money judgment was recognized as in personam and the suits in the state courts as in rem. Upon this distinction, the Supreme Court held that the injunction was not in aid of the court's jurisdiction and that its issuance was without authority.

██ In Kline et al. v. Burke Construction Company, 260 U.S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077, the court stated the rule thus:

"Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached. The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."

██ We think it is correct, as asserted by the plaintiff, that the court was in error in holding that it was "without jurisdiction to restrain the prosecution of said foreclosure suits." The cases which we have cited and quoted from, as well as others which could be cited, generally hold that Sec. 265 of the Judicial Code is not a jurisdictional provision but is an impairment of the authority or power of the court to proceed. Furthermore, it is generally held that the section when applicable is absolute, that is, it leaves no discretion in the court. We need not labor this distinction, however, because the same result is reached in either event. We, therefore, conclude that the court was without power or authority to enjoin the mortgage fore-

closures in the state court. This makes it unnecessary to discuss the equities of the situation as presented by plaintiff's petition for injunction or the discretionary power of the court under other circumstances to issue or deny an injunction.

The order appealed from is affirmed.