**WASHINGTON LOAN & TRUST CO.**
**v. LYON et al.**
**Civ. No. 5537–50.**

United States District Court
District of Columbia.

March 14, 1951.

J. Edward Burroughs, Jr., Washington, D. C., for Washington Loan & Trust Co., trustee.

Louis B. Arnold, Washington, D. C., for James Alexander Lyon and others.

CHARLES F. McLAUGHLIN, District Judge.

Irene E. Moore Lyon was the wife of the defendant James Alexander Lyon. On January 27, 1949 she created a trust in the District of Columbia and the plaintiff bank, a District of Columbia banking company was named trustee. By the terms of this trust as amended the donor was to receive the income for life, with said income passing to her daughter Elizabeth Moore Lyon Kelley upon her death, and upon the death of this cestui que to the latter's son. The corpus of the trust was made up of securities and funds. On September 23, 1950 the donor died and directed in her will that her entire estate should go to the trustee and be added to the trust corpus. The will was probated on September 27, 1950 in the Orphans Court of Montgomery County Maryland, and the trustee was appointed executor under the will. On October 4, 1950 the defendant husband filed a renunciation in the Orphans Court of Montgomery County, Maryland.

On December 22, 1950 the trustee brought an action for declaratory judgment in the District Court for the District of Columbia seeking a construction of the trust agreement and instructions. Under such judgment the trustee sought to have the trust corpus declared free of the claim of the donor's husband. On December 27, 1950 the defendant in the instant case filed a suit for declaratory judgment in the Circuit Court for Montgomery County, Maryland, praying that the said husband be declared entitled to one-third of the estate of the deceased wife, and that the subject trust be declared null and void as a testamentary and not an inter vivos trust. There are other prayers in this suit relating to courtesy rights of the husband and a claim he asserts against the estate.

This cause now comes before this Court on three motions. In point of time they are:

(1) A motion by the plaintiff seeking an injunction against the defendant proceeding with the suit in the State Court, and

(2) Motions by the defendant to dismiss the present action and to dismiss the motion for injunctive process.

Although it violates the sequence in which the motions were filed, it would appear that the motion to dismiss should be properly considered first.

A difference of opinion exists between the parties as to whether the present suit is an "in personam" or an "in rem" action. And the resolution of the pending motions does turn upon this point. However, it would not appear that since the decision in Mandeville v. Canterbury, 1943, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605, there is doubt on this question. That case involved a suit much the same as is presented here except that was an action by a beneficiary to construe a will and determine rights in a trust. There the court pointed out that suits to construe such instruments are "in personam". So too in Commonwealth Trust Co. of Pittsburgh v. Bradford, 1936, 297 U.S. 613, 56 S.Ct. 600, 602, 80 L. Ed. 920. In the latter case the court stated that an action involving rights in a trust are much the same as an action against any fiduciary and that "Such proceedings are not in rem; [that] they seek only to establish rights; judgments therein do not deal with the property and order distribution, they adjudicate questions which precede distribution". Thus, it would appear, that the instant suit is an in personam action.

Defendant submits in support of his motion to dismiss that there is no reason for the plaintiff to bring this action in this court since all the issues will be tried in the Maryland litigation. Since the action is one "in personam * * * both a state court and a federal court having concurrent jurisdiction may proceed with the litigation at least until judgment is obtained in one court * * *. Mandeville v. Canterbury, supra, [318 U.S. 47, 63 S.Ct. 473]. Defendant does not suggest lack of jurisdiction. Rather he addresses himself to the discretion of the Court and asks that it not assume jurisdiction. While it is true as expressed in Brillhart v. Excess Ins. Co., 1942, 316 U.S. 491, 62 S.Ct. 1173, 1175, 86

322

L.Ed. 1620, cited by defendant, that the District Court is under no compulsion to exercise its jurisdiction under the Declaratory Judgment Act, [28 U.S.C.A. §§ 2201, 2202], and that "it would be uneconomical as well as vexatious" to continue jurisdiction in the federal court while another suit is pending in a state court presenting the same issues, yet it is also recognized law that "Jurisdiction having been properly invoked, it [becomes] the duty of the trial court to determine the issues, unless required by rules based on comity to relegate the complainant to the state court. This may not be done except in special and peculiar circumstances * * *". Commonwealth Trust case, supra. In the instant case the plaintiff is a citizen of this jurisdiction, and was prior in time in the filing of his action in this court (unlike the Brillhart case, supra, where the suit was pending in the state court at the time the action was filed in the District Court) on a trust instrument which was entered into here in this jurisdiction. It would appear that such circumstances are not of the nature which would compel this court to deny its jurisdiction to one of its own citizens. The motion to dismiss is, therefore, overruled.

 As has been stated, the Mandeville case, supra, was not too unlike the present suit. There the beneficiary of a trust estate brought an action to construe a will and determine rights in the trust instrument in a federal district court in Illinois. Thereafter, the trustee brought an action in several state courts wherein were located the sites of real property involved in the trust investment. On motion of the beneficiary the federal court granted an injunction restraining the prosecution of the pending state suits. This was affirmed on appeal but on certiorari the U. S. Supreme Court reversed, stating that 28 U.S.C. § 379 which had been interpreted as not applying to cases in which a federal court was protecting its own jurisdiction, which interpretation is now embodied in Sec. 379 as amended by Sec. 2283, prohibited such injunctive process when the action was in personam, and the Federal Court

does not have an "in rem" or "quasi in rem" proceeding before it. On the authority of this case, therefore, the motion to dismiss the application for an injunction against the Maryland action is granted and plaintiff's motion is overruled.