In re LUMMIS' ESTATE.

BOYD et al. v. KEESEY.

Civ. No. 574–53.

United States District Court,
D. New Jersey.

Feb. 4, 1954.

Schenck, Price, Smith & King, Robert H. Schenck, Morristown, N. J., for plaintiffs.

Roger Hinds, Newark, N. J., for defendant.

MEANEY, District Judge.

Leslie A. Lummis died testate June 25, 1948, a resident of Morris County, New Jersey, his will being duly probated and recorded in the Morris County Surrogate's office July 14, 1948. This will set up a trust naming as trustees Arnold R. Boyd, Margaret Beaumont Roebelen and Marguerite L. Keesey, who, having duly qualified, continue in that position. Pursuant to the terms of the will one-half of the income of the trust estate is payable to Marguerite L. Keesey (widow of the testator) and one-quarter to Margaret Beaumont Roebe-

len (a fourth quarter is payable to a former wife of the testator not concerned in this action). Arnold R. Boyd and Margaret Roebelen are residents of New York, Mrs. Keesey of Connecticut. The major asset of the trust estate is the capital stock of Lummis Glass Co., a New York corporation. The three trustees are the officers and entire board of directors thereof. By the terms of the will a majority of the trustees was to control the administration of the estate as well as the "operation, conduct and management" of the Company.

In May, 1953 Marguerite Lummis Keesey (hereinafter referred to as defendant) feeling aggrieved at what she conceived to be violations of fiduciary duties as directors, brought an action in the Supreme Court of New York against the other two trustees (hereinafter called plaintiffs) to declare certain of their actions void, and for other remedies.

In June, 1953 plaintiffs brought proceedings in the Morris County Court, Probate Division, for advice and directions as to whether defendant had by her action in the New York Supreme Court forfeited her interest in one-half the income of the trust pursuant to paragraph 11 of the will which provided that "If any beneficiary (under this will) * * * shall take legal steps * * * to prevent the full and complete carrying out of any of the provisions thereof as herein set forth", such beneficiary forfeits his or her entire interest under the will.

A motion by defendant in the New York proceeding for an injunction to restrain plaintiffs from proceeding in the New Jersey court was denied.

On July 13, 1953 the defendant filed a petition for removal to this court on the ground of diversity of citizenship. It is this petition that is opposed by the motion before the court. The court will consider this opposition in the nature of a motion to remand to the state court.

Service upon defendant was made in accordance with N.J.S.A. 3A:2-4 which provides: "The county court of each county, in any proceeding in the probate division against executors, administrators, guardians, trustees or other persons, may proceed by order to show cause, a copy of which shall be served, as the court may direct, upon the person therein named, whether or not he is within the county." The actual service was made by mailing defendant a copy of the order in accordance with the directions of the court. This service, argues defendant, was inadequate for obtaining the necessary jurisdiction over her person for these reasons:

1. This is a civil action over which any court having general equitable jurisdiction has original jurisdiction (including the U. S. District Court where the required diversity of citizenship and amount in controversy exist).

2. Though the suit has the appearance of an *in rem* action concerning only the administration of a trust, it is, in fact, an action for construction of a will in which an adverse decision could deprive defendant of her individual rights in the property of the deceased. In short this is an action *in personam* requiring personal service over defendant. Such service never being made, the Morris County Court acquired no jurisdiction over her.

3. The County Court had no jurisdiction of the subject matter.

4. This court succeeding only to the jurisdiction obtained in the County Court, must dismiss the action.

Plaintiffs, however, maintain that since this is an action by trustees seeking instructions, it is an action *in rem*, therefore does not require personal service, and that defendant, as trustee under the will, is at all times subject to the jurisdiction of the court that qualified her in connection with questions arising under the will. Moreover, it is claimed, a federal court has no removal jurisdiction in an *in rem* action brought in a state court of competent jurisdiction.

That the federal courts have no original jurisdiction with respect to the administration of decedents' estates, nor

may a federal court, by removal, interfere with state *in rem* proceedings, was settled as long ago as Byers v. McAuley, 1893, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867. Yet it is likewise settled by a long line of decisions that the federal courts cannot be deprived of jurisdiction "to hear and determine a controversy between citizens of different states when such a controversy is distinctly presented, because the judgment may affect the administration or distribution in another forum of the assets of the decedent's estate." Hess v. Reynolds, 1885, 113 U.S. 73, 77, 5 S.Ct. 377, 378, 28 L.Ed. 927, citing Gaines v. Fuentes, 1875, 92 U.S. 10, 23 L.Ed. 524; to the same effect Payne v. Hook, 1868, 7 Wall. 425, 19 L.Ed. 260, and Hyde v. Stone, 1857, 20 How. 170, 15 L.Ed. 874; see, also, Clark v. Bever, 1891, 139 U.S. 96, 11 S.Ct. 468, 35 L.Ed. 88. Byers v. McAuley, supra, further established that in taking jurisdiction a federal court will not draw to itself the entire administration of the estate but could entertain jurisdiction in favor of citizens of other states to determine and award by decrees binding *in personam* their shares in the estates. Waterman v. Canal-Louisiana Bank Co., 1909, 215 U.S. 33, 45, 30 S.Ct. 10, 54 L.Ed. 80.

■ "The jurisdiction of federal courts to entertain suits against (fiduciaries) is clear, * * * when instituted in order to determine the validity of claims against the estate or claimants' interests therein. Such proceedings are not *in rem;* they seek only to establish rights; judgments therein do not deal with the property and order distribution; they adjudicate questions which precede distribution." Commonwealth Trust Co. v. Bradford, 1936, 297 U.S. 613, 619, 56 S.Ct. 600, 602, 80 L.Ed. 920; see Riehle v. Margolies, 1929, 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669; U. S. v. Klein, 1938, 303 U.S. 276, 281, 58 S.Ct. 536, 82 L.Ed. 840.

■ Moreover, while this court may not exercise its jurisdiction to disturb and affect the possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such property when the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated in the federal court. Markham v. Allen, 1946, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256. See, also, Pufahl v. Estate of Parks, 1936, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133; Holt v. Werbe, 8 Cir., 1952, 198 F.2d 910, 915.

■ With these principles in mind we proceed to the case at bar. The action before the Morris County Court was brought as an action seeking instructions in the management of a trust. But it has not been brought by the three trustees in concert, nor might any instructions that could issue from that court affect all alike. The action has actually been brought by two of the trustees against the third. If the third trustee, defendant before this court, is not to lose her entire interest as beneficiary under the trust, she must appear not only as a trustee but, in effect, as an adversary party. To say that the interests of the other two trustees are not adverse to those of defendant, even though they do not stand to gain personally by the possibility of instructions to pay one-half the income of the trust to the remainderman rather than to defendant, would be to ignore the entire background of this case as disclosed in the record. The proceedings then are *inter partes* in the sense that the element of a judicial controversy exists, namely adverse parties. Looking through form to substance, the proceedings were not brought for any purposes dealing with probate or, in the strict sense, with administration, but, in effect, to establish title to the proceeds of the fund. See Gaines v. Fuentes, supra. Taken in this light, this proceeding assumes the character of a proceeding between citizens of different states. In the presence then of the required amount in controversy, this action is properly removable to this court in accordance with 28 U.S.C.A. §§ 1441, 1446.

■ Even though these factors would indicate that removal was proper, there is still left for the court to decide whether to retain jurisdiction or to dismiss the action. This court, of course, can acquire only such jurisdiction as the state court had. Lambert Run Coal Co. v. Baltimore & Ohio R. R. Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L. Ed. 671. "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." See, too, Dunn v. Cedar Rapids Engineering Co. of Delaware, 9 Cir., 1945, 152 F.2d 733; Wilson v. Kansas City Southern Ry. Co., D.C.W.D.Mo.1951, 101 F.Supp. 56.

It is necessary, then, to decide if the Morris County Court had jurisdiction over the subject matter and over the person of the defendant.

N.J.S.A.Const. (1947) art. VI, § IV, par. 4, states: "The jurisdiction, powers and functions of the County Courts and of the Judges of the County Courts may be altered by law as the public good may require."

■ N.J.S.A. 3A:2-2: "The county court of each county shall have full authority to hear and determine all controversies respecting wills * * *."

Since a decision in the case at bar will require construction of the will setting up the trust, it clearly falls within the above statute granting the county court jurisdiction of the subject matter.

Whether or not the Morris County Court acquired jurisdiction over the person of the defendant, however, is a question not so easily disposed of. On July 14, 1948 defendant executed and filed a power of attorney with the Surrogate of Morris County designating that official as her "true and lawful attorney upon whom may be served all original process in any action at law, or in equity, against the (Lummis) estate." She

was, in fact, however, served by mailing her an order to show cause in accordance with N.J.S.A. 3A:2-4, set forth supra. Service under this statute may be made outside the state "as the court may by order direct, provided the nature of the action is such that the court may thereby acquire jurisdiction." N.J.Rules of Practice, 3:79-3 now R.R. 4:85-3; see, also, Rule 3:101-1 now R.R. 4:117-1.

■ Whether the nature of this action is such that the court may thereby acquire jurisdiction over the person of defendant becomes, then, our point of focus. Defendant, of course, is a trustee of the trust involved. She was qualified by the Morris County Court. She does not dispute that the court would gain jurisdiction over her by the kind of service made in this action for purely administrative proceedings such as an accounting or instructions as to investments, or for other questions, resolution of which would affect all trustees alike. Indeed, it is clear that the County Court undoubtedly has jurisdiction for certain purposes related to the trust. In this instance, however, where the instructions of the County Court might divest her of her share of the proceeds of the trust, a controversy *inter partes* exists as has already been pointed out. In fact it has been held that actions by trustees to construe a trust are actually *in personam.* Mandeville v. Canterbury, 1943, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605; Commonwealth Trust Co. v. Bradford, supra; Washington Loan & Trust Co. v. Lyon, D.C.D.C.1951, 98 F.Supp. 320. But in none of these cases was there any question of the jurisdiction over the person of one of the trustees, as here. Though this action has many of the attributes of an action *in personam,* the determining element would seem to be that the defendant is a trustee of the trust; and this fact gives the court which qualified her jurisdiction over her by virtue of this service in an action by trustees for instructions even though the proceeding is in its substance sufficiently adversary to warrant removal to a federal court.

The line of this decision is finely drawn. There are potent arguments on both sides. But as has been indicated, the fact that a trust is involved, with trustees qualified in Morris County, and that the suit originated in the Morris County Court, Probate Division, has inclined this court to the conclusion at which it has arrived.

The motion by plaintiffs to remand is denied, and the motion of defendant to dismiss is likewise denied. Full jurisdiction of the action is found now to lie in this court.

Let an order be submitted accordingly.