257 F.2d 692
 Charles T. PROUTY, Genevieve Prouty Gage, John A. Prouty,
Elsinor Prouty Mallory and The Third National Bank
and Trust Company, Plaintiffs-Appellees,
v.
CITIZENS UTILITIES COMPANY, Defendant-Appellant.
 No. 206, Docket 24820.
 United States Court of Appeals Second Circuit.
 Argued April 9, 1958.
Decided July 3, 1958, Certiorari Denied Oct. 20, 1958, See
79 S.Ct. 98.
 
 Gallop, Climenko & Gould, New York City, and Clifton G. Parker, Morrisville, Vt., for appellant. Milton S. Gould and Arthur S. Friedman, New York City, of counsel.
 Harold I. O'Brien, Rutland, Vt., and Arthur Graves, St. Johnsbury, Vt., for appellees. Edwin W. Lawrence, Rutland, Vt., of counsel.
 Before SWAN, HINCKS and MOORE, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 This is an appeal by defendant from a judgment for plaintiffs in a suit for specific performance of a contract to buy land located in the City of Newport, Vermont. Federal jurisdiction was based on diversity of citizenship between the respective parties. The defendant, a public utility corporation supplying electric power locally and in interstate and foreign commerce was in possession of the property under a 25 year lease made in 1930 between the plaintiffs' predecessor in title, as lessor, and the defendant's predecessor, as lessee. The lease provided that it should enure to the benefit of, and be binding upon, the heirs, successors and assigns of the respective parties. By the terms of the lease the defendant was obligated to buy, and the plaintiffs to sell, the leased property within six months after the termination of the lease on October 1, 1955, at a price to be agreed upon, or failing agreement, at a price to be determined by condemnation proceedings to be instituted by the defendant within said six months period 'before the tribunal then having jurisdiction of such proceedings.' If such proceedings were not instituted, the price to be paid for the property was $300,000. No agreement as to price having been reached, the defendant, on March 27, 1956, filed a timely petition for condemnation with the Vermont Public Service Commission pursuant to sections 9331-9333 of Vermont Statutes, Revision of 1947. The plaintiffs were named as defendants to this petition which is still pending, and no action upon it has been taken by the Vermont Commission.
 
 
 2
 On May 11, 1956, the plaintiffs brought the present suit for specific performance of their contract with the defendant. The property involved is located astride the Clyde River, which is a principal tributary of Lake Memphramagog. The only issue of fact in dispute was whether the Clyde River was a navigable stream. An advisory jury returned a verdict that the river was a navigable stream within the meaning of the Federal Power Act, Chapter 12 of Title 16 U.S.C.A. Judge Gibson approved the jury's verdict. He found also, as admitted by the pleadings in the federal suit, that the defendant had not applied for or obtained from the Federal Power Commission a license for constructing, operating and maintaining its facilities along, over, or in the Clyde River, and had not filed with the Federal Power Commission a declaration of its intention to construct such facilities, pursuant to 23 of the Federal Power Act, 16 U.S.C.A. 817. Because of these findings the trial judge held that the Vermont Public Service Commission was without jurisdiction to hear and determine the petition for condemnation pending before it, and consequently the defendant had defaulted under its contract and was obligated to purchase the property at a price of $300,000. The decree appealed from so directed.[1] Judge Gibson's opinion is reported in 150 F.Supp. 892.
 
 
 3
 The opinion of the district court and the briefs of the parties in this court have taken a much wider range than we think necessary for disposition of the appeal. In our view the decision can rest on a principle of narrow compass. Necessary to the harmonious cooperation of federal and state tribunals is the well recognized rule that the court first assuming jurisdiction over property may maintain and exercise its jurisdiction to the exclusion of the other.[2] The petition for condemnation was a suit in rem, where the state tribunal must control the property to give effect to its jurisdiction.[3] Obviously, the federal court could not decree specific performance of defendant's contract to buy the land without violating the above mentioned principle of cooperation between state and federal tribunals. Although the district court did not grant the requested injunction against prosecution of the condemnation petition, its decree was as effective an interference with that proceeding as an injunction would have been. The granting of such an injunction is prohibited by 28 U.S.C.A. 2283. See National Quarries Co. v. Detroit T. & I.R. Co., 6 Cir., 10 F.2d 139, 140. There a bill in the federal court to enjoin the defendant's prosecution of a state suit to condemn land was dismissed.
 
 
 4
 Any objection which the plaintiffs wished to make to jurisdiction of the state tribunal could have been as effectively urged before it as in the federal court, and its decision could have been reviewed as provided in the Vermont statutes, and ultimately, if a federal question were involved, by the Supreme Court of the United States. We think the court below erred in holding that the Public Service Commission lacked jurisdiction. That was an issue for that tribunal to decide for itself subject to review as above stated.
 
 
 5
 Accordingly the decision on appeal is reversed; but we do not direct that the federal suit be dismissed because, if the question of jurisdiction should ultimately be decided uin the appellees' favor, the pendency of the federal suit will prevent the running of any statute of limitations.
 
 
 
 [1]
 The complaint also prayed for an injunction to restrain the defendant from prosecuting its condemnation proceeding. Since the decree for specific performance was dispositive of the case, the requested injunction was denied
 
 
 [2]
 United States v. Bank of New York & Trust Co., 296 U.S. 463, 477, 56 S.Ct. 343, 80 L.Ed. 331; Princess Lida, etc. v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285; Mandeville v. Canterbury, 318 U.S. 47, 48, 63 S.Ct. 472, 87 L.Ed. 605
 
 
 [3]
 United States v. 625.91 Acres of Land, etc., D.C.Mo., 49 F.Supp. 997, 1000