398 F.2d 364
 HUMBLE OIL & REFINING COMPANY, Defendant-Counterclaimant, Appellant,
v.
Eva Goggans COPELAND, Eloise Welch Wright, Crozier Welch,
Drayton N. Barksdale and the South Carolina National Bank of
Charleston (Columbia Branch), Executor of the Estate of
Sarah Linda Welch, Deceased, Plaintiffs, Appellees.
Daniel R. BULLARD, Wilfred T. Doherty, Lester Settegast, and
Roger J. Wolfe, as Trustees of the Robert A. Welch
Foundation, Interpleaded Defendants, Appellants,
v.
Eva Goggans COPELAND, Eloise Welch Wright, Crozier Welch,
Drayton N. Barksdale and the South Carolina National Bank or
Charleston (Columbia Branch), Executor of the Estate of
Sarah Linda Welch, Deceased, Plaintiffs, Appellees.
 Nos. 11563, 11564.
 United States Court of Appeals Fourth Circuit.
 Argued Feb. 7, 1968.
Decided June 25, 1968.
 
 Charles W. Knowlton, Columbia, S.C. (W. C. Boyd, Boyd, Bruton, Knowlton & Tate, Columbia, S.C., and Andrews, Kurth, Campbell & Jones, Houston, Tex., on brief), for appellants in No. 11563.
 Tom M. Davis, Houston, Tex. (C. H. McCall, and Baker, Botts, Shepherd & Coates, Houston, Tex., T. Sam Means, Jr., and Means, Evins, Browne & Hamilton, Spartanburg, S.C., on brief), for appellants in No. 11564.
 James C. Parham, Jr., Greenville, S.C. (Alfred F. Burgess and C. Thomas Wyche, and Wyche, Burgess, Freeman & Parham, Greenville, S.C., on brief), for appellees.
 Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 The oft-found conflict among state courts and between state and federal courts complicates this controversy over Texas oil royalties. We believe the issue should be decided by a Texas court and accordingly direct the United States District court for the District of South Carolina to dissolve its injunction prohibiting the parties from litigating the question in Texas.
 
 
 2
 Miss Sarah Linda Welch, a lifelong resident of South Carolina, died in 1963 leaving a large estate, including Texas oil royalties, to trustees named in her brother's will 'as if the language in my said brother's will * * * were copied at length herein with appropriate changes to make them part of my will.' Her brother, a resident of Texas, predeceased her and left the bulk of his estate to a charitable foundation.
 
 
 3
 There is no need to detail the litigation that preceded this appeal. Miss Welch's will was probated in South Carolina. Her executor and the trustees named by her brother sought construction of her will, and her heirs contested its validity. The Supreme Court of South Carolina concluded that her attempt to create a charitable trust was ineffectual and her estate was distributable to her heirs as intestate property.[1]
 
 
 4
 Following this decision, Miss Welch's heirs instituted proceedings against Humble in South Carolina to recover the oil royalties. The trustees, having probated Miss Welch's will in Texas,[2] filed suit there for the same purpose. Confronted by these conflicting claims, Humble removed the South Carolina action to the United States District Court and by counterclaim interpleaded the South Carolina heirs and the foundation's trustees.[3] In its order allowing the interpleader, the district court enjoined the trustees from prosecuting the action in Texas. Appeal was taken from denial of a motion to dissolve this injunction.[4]
 
 
 5
 The district court viewed the case as turning upon whether the decision of the South Carolina Supreme Court obliges Humble to pay the royalties to the heirs. It held that questions of title and the validity of the will were not presented. The heirs urge that the district court has in personam jurisdiction over Humble, the trustees and the known heirs. Based on this jurisdiction, they contend the court can adjudicate the rights and duties of the parties, direct Humble to pay the royalties and prohibit the parties from litigating ownership of the royalties in Texas. The trustees contend that only Texas courts, or a federal court in Texas, can determine ownership of the royalties and that the district court in South Carolina should dismiss the interpleader for lack of jurisdiction over the subject matter. Humble maintains that the district court should stay its proceedings until the Texas courts have determined ownership of the royalties. We believe that comity and well-recognized limitations upon jurisdiction to determine succession of a decedent's realty dictate the latter course.
 
 
 6
 The fundamental question in this case is the ownership of the oil royalties. At the moment of Miss Welch's death they belonged either to the trustees or her heirs. Whether property is real or personal is determined by the law of the state where it is situated. Under Texas law a right to future oil royalty payments is an interest in land. Clyde v. Hamilton, 414 S.W.2d 434 (Tex.S.Ct.1967); Toledo Society for Crippled Children v. Hickok,152 Tex. 578, 261 S.W.2d 692, 43 A.L.R.2d 553 (1953), cert. denied, 347 U.S. 936, 74 S.Ct. 631, 98 L.Ed. 1086 (1954); Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021, 80 S.W.2d 741 (1934). The construction of a will that purports to devise realty is governed by the law of the state in which the realty is situated. De Vaughn v. Hutchinson, 165 U.S. 566, 17 S.Ct. 461, 41 L.Ed. 827 (1897); Arndt v. Griggs, 134 U.S. 316, 10 S.Ct. 557, 33 L.Ed. 918 (1890); United States v. Fox, 94 U.S. 315, 24 L.Ed.192 (1877). Texas courts, or federal courts sitting in Texas, have exclusive jurisdiction over actions to determine title to realty within Texas, and neither the decision of the South Carolina Supreme Court nor a decision of the United States District Court for the District of South Carolina would be res judicata in a suit brought in a Texas court.[5] The leading case is Clarke v. Clarke, 178 U.S. 186, 20 S.Ct. 873, 44 L.Ed. 1028 (1900). Mrs. Clarke, a resident of South Carolina, owned land in South Carolina and Connecticut. The Supreme Court of South Carolina held her will worked an equitable conversion into personalty of all her realty. The Supreme Court of Connecticut refused to apply the South Carolina judgment and instead held that under the law of Connecticut, Mrs. Clarke's will did not convert her Connecticut realty into personalty. The United States Supreme Court held that Connecticut was not required to give full faith and credit to the South Carolina judgment. The Court stated that the effect of a will upon the status of land situated in Connecticut directly involved the mode of passing title to land, that the Supreme Court of South Carolina lacked jurisdiction over the subject matter, and consequently Connecticut 'was not constrained to adopt the construction of the will which had been announced by the court of South Carolina.'[6]
 
 
 7
 Miss Welch's heirs assert that Clarke is not applicable because the South Carolina Court did not purport to exercise in personam jurisdiction over the claimants of Mrs. Clarke's estate. In contrast, they point out, the district court by reason of the interpleader has in personam jurisdiction over the trustees, Humble and the South Carolina heirs, and can obtain jurisdiction over known Texas heirs. They rely upon an exception to the rule limiting a court's jurisdiction over real property in another state. This exception, as well established as the rule itself, allows a court of equity having personal jurisdiction over the parties and over the subject matter to decide the controversy even if its decree affects the title to land in another state. Miss Welch's heirs cite a number of cases supporting this exception and urge its application here.[7]
 
 
 8
 However, the basis for sanctioning an in personam decree affecting extraterritorial real estate is the relationship between the litigants that gives rise to a transitory cause of action. The most frequent examples are contracts, mortgages and leases. In this case, however, there is no relationship between the heirs and the trustees that determines either the right to the royalties or the ownership of the realty. They are simply rival claimants to Miss Welch's real estate, and the fact that Humble is a stakeholder does not alter the issue. Interpretation of Humble's oil leases will not resolve the controversy. Where, as here, the entitlement of oil royalties depends solely upon the transmission of realty by will or intestacy, the exception is inappropriate.
 
 
 9
 The interpleader proceeding in the district court provides an imperfect forum for adjudication of the conflicting claims of the heirs and trustees. Interpleader is based upon in personam jurisdiction which extends only to the funds deposited in court. Knoll v. Socony Mobil Oil Co., 369 F.2d 425, 429 (10th Cir. 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 138 (1967). Although the court could order the distribution of funds in its registry, it cannot determine the ownership of the Texas real estate. It cannot bind unknown heirs or protect Humble from their claims; nor can it determine who is entitled to the royalties if Humble forfeits or abandons its lease. Under these circumstances the injunction against proceeding in the Texas court, which possesses in rem jurisdiction, denies full relief to the parties and could impair the marketability of the royalties.[8]
 
 
 10
 It does not follow, however, that the district court improperly denied the trustees' motion to dismiss for want of jurisdiction. Faced with conflicting claims and barred by a South Carolina injunction from interpleading in Texas, Humble properly removed the South Carolina suit and interpleaded by counterclaim. If this suit were dismissed Humble could be subjected to multiple claims.[9] The interpleader serves the purpose for which the statute was designed.
 
 
 11
 For remedy we turn to Hickok v. Gulf Oil Corp., 265 F.2d 798 (6th Cir. 1959), which held it was proper to allow the parties to litigate claims to oil royalties in the Texas courts, and, after adjudication of their interests, to return to a district court sitting in Ohio where interpleader proceedings were pending. The genesis of interpleader is equity, and we perceive no reason why it should be denied the remedial flexibility that is characteristic of a chancellor's decree. Thus, the district court can stay its proceedings, permit the parties to litigate ownership of the royalties in Texas, and not elsewhere, and finally, after this issue has been determined, distribute the funds in its registry. Cf. Mandeville v. Canterbury, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605 (1943); Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940).
 
 
 12
 The denial of the motion ot dismiss this action is affirmed. The denial of the motion ot stay proceedings pending determination of the suit in Texas and to modify the interlocutory injunction is reversed. The case is remanded to the district court with directions to retain jurisdiction, to modify its injunction so that the parties may proceed in the Texas court for determination of ownership of the Texas real estate and the accrued royalties, and thereafter to distribute the funds in the registry to the persons entitled to them.
 
 
 13
 Affirmed in part, reversed in part, and remanded.
 
 
 
 [1]
 South Carolina Nat'l Bank of Charleston v. Copeland, 248 S.C. 203, 149 S.E.2d 615 (1966). The court concluded Miss Welch's attempt to incorporate the trust provisions of her brother's will into her will as the terms of a trust established by her failed because the terms were not effectively declared. The court did not mention the Texas oil royalties or refer to Texas law
 
 
 [2]
 This suit was filed against Humble in Harris County, Texas, situs of the royalty interest. The trustees later amended their petition to include as parties the heirs, the executor, and the attorney general of Texas, who under Texas statute is a necessary party in suits affecting charitable trusts
 
 
 [3]
 Humble was unable to bring its interpleader in Texas because the heirs obtained an injunction against this from the South Carolina state court. Of course, it could not be enjoined from removing the state action and thereafter interpleading under 28 U.S.C. 1335
 
 
 [4]
 Jurisdiction to hear this appeal is based on 28 U.S.C. 1292(a)(1)
 
 
 [5]
 With respect to invalidity of federal decrees in local actions involving land, see Ellenwood v. Marietta Chair Co., 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913 (1895) (trespass to West Virginia land could not be maintained in United States court sitting in Ohio); Iselin v. Meng, 269 F.2d 345, 347 (5th Cir. 1959) (dictum), cert. denied, 361 U.S. 913, 80 S.Ct. 257, 4 L.Ed.2d 183 (1959). (denied res judicata to a decree of United States District Court sitting in Louisiana holding a tax deed to Mississippi land was invalid.) See also Barron and Holtzoff, Federal Practice and Procedure, 72 (Wright ed. 1960). There is disagreement whether the defect is lack of jurisdiction or of venue. See Note, Local Actions in the Federal Courts, 70 Harv.L.Rev. 708 (1967)
 
 
 [6]
 Clarke v. Clarke, 178 U.S. 186, 190, 195, 20 S.Ct. 873, 876, 44 L.Ed. 1028 (1900)
 
 
 [7]
 Illustrative of these cases are Purcell v. Summers, 126 F.2d 390 (4th Cir.), cert. denied, 317 U.S. 640, 63 S.Ct. 32, 87 L.Ed. 516 (1942) (suit challenging validity of church merger); Title Guaranty & Surety Co. v. State of Missouri ex rel. and to Use of Stormfeltz, 105 F.2d 496 (8th Cir. 1939) (action against surety on guardianship bond); Stewart Oil Co. v. Sohio Petroleum Co., 185 F.Supp. 765 (E.D.Ill.1960), aff'd 315 F.2d 759 (7th Cir.), cert. denied, Kline v. Sohio Petroleum Co., 375 U.S. 828, 84 S.Ct. 71, 11 L.Ed.2d 60 (1963) (fraud or mistake in conveyance); Marshall v. Greene, 27 F.Supp. 403 (D.Mass.1939), aff'd 108 F.2d 717 (1st Cir. 1940) (specific performance of contract for land)
 
 
 [8]
 The trustees also assert that because their suit in Texas was filed before Humble's counterclaim for interpleader, the state court had prior custody of the res. While priority lends support to the trustees' position, cf. Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939), it is not indispensable to the conclusion we reach
 
 
 [9]
 Besides the twenty-eight known heirs, there possibly are others who would take under Texas law