948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nolan HORTON, Plaintiff-Appellant,
v.
Guy CLARK; Judge Pearman; District Court of Osage County,
State of Oklahoma, Defendants-Appellees.
 No. 90-5254.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Nolan Horton, Jr., appearing pro se, appeals from a district court order denying his petition for an injunction. Mr. Horton filed the petition seeking to enjoin a state court foreclosure proceeding, apparently on the grounds (1) that the state court did not properly have jurisdiction, (2) that a substantial controversy over material facts made the state court's summary judgment inappropriate, (3) that the court refused to consider evidence in violation of Mr. Horton's due-process rights, and (4) that the summary proceeding denied him his Seventh Amendment right to a civil jury trial. The district court denied the petition, stating that Mr. Horton did not make the necessary showing to support injunctive relief. We affirm.
 
 
 3
 Under the Anti-Injunction Act, the district court had no jurisdiction to enjoin the state proceedings. Congress has provided that: "A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283. This prohibition against enjoining "proceedings in a State Court" applies to state foreclosure proceedings. See, e.g., Phillips v. Chas. Schreiner Bank, 894 F.2d 127 (5th Cir.1990); Ungar v. Mandell, 471 F.2d 1163 (2d Cir.1972); First Nat'l Bank & Trust Co. of Racine v. Village of Skokie, 173 F.2d 1, 4-5 (7th Cir.1949). Mr. Horton has not invoked one of the statutory exceptions to this prohibition.
 
 
 4
 Moreover, even if an exception to the statute applied, this is precisely the type of case where federal courts out of concerns of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings. Cf. Mitchum v. Foster, 407 U.S. 225 (1972) ("In so concluding [that 42 U.S.C. § 1983 falls within an exception to the anti-injunction statute], we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding."). Federal courts have refused to interfere where much more than property interests is at stake. See Harris v. Younger, 401 U.S. 37 (1971) (federal courts will not enjoin pending state criminal prosecutions except under extraordinary circumstances). Mr. Horton may still resort to the state review process to vindicate his claims.
 
 
 5
 Finally, even if the state court judgment was unconstitutional, the district court could not by way of injunction effectively become an appellate court and review the state court judgment, usurping a role reserved exclusively for the Supreme Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir.1986).
 
 
 6
 Accordingly, the district court's judgment is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3