

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00060-CV

ALFRED FIELDS, LISA FIELDS,                                          APPELLANTS
AND ALL OTHER OCCUPANTS

V.

MICHAEL VARRICHIO AND JILL                                          APPELLEES
VARRICHIO

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2014-006803-1

----------

## MEMORANDUM OPINION[1]

----------

This is a forcible detainer case.  Appellants Alfred and Lisa Fields argue in one issue that the justice court and the county court below did not have jurisdiction to render the judgment of forcible detainer in favor of Appellees

---

[1]See Tex. R. App. P. 47.4.

Michael and Jill Varrichio. Because we hold that the lower courts had jurisdiction, we affirm.

In 2001, the Fieldses executed a note secured by a deed of trust on a home in Arlington, Texas. The deed of trust was subsequently assigned to JP Morgan Chase Bank, N.A. (Chase Bank). In 2013, the home was sold at a foreclosure sale to the Varrichios.

The Fieldses filed suit against Chase Bank and the Varrichios in a Tarrant County district court, but the case was removed to a federal district court. By amended complaint, the Fieldses sued Chase Bank for wrongful foreclosure in violation of the property code, breach of contract, anticipatory breach of contract, unjust enrichment, negligence, violations of the Texas Debt Collections Practice Act,[2] negligent misrepresentation, equitable relief based on Chase Bank's unclean hands, and for violations of the federal Truth in Lending Act.[3] Against the Varrichios, the Fieldses alleged a claim to quiet title based on the alleged wrongful acts of Chase Bank leading up to the foreclosure sale.

The federal court granted summary judgment for the Varrichios in October 2014, prior to the Varrichios' filing of their eviction suit. The Fieldses assert that their case is on appeal to the Fifth Circuit, and, although the record contains

---

[2]Tex. Fin. Code Ann. §§ 392.001–.404 (West 2006).

[3]15 U.S.C.A. §§ 1601–67 (West 2009 & Supp. 2015).

nothing showing that such appeal has been taken, the Varrichios do not dispute that the case is on appeal.[4]

In November 2014, the Varrichios brought this eviction suit against the Fieldses. The justice court rendered judgment for the Varrichios, and the Fieldses appealed to the county court. After the county court rendered judgment for the Varrichios, the Fieldses filed this appeal.

In their sole issue, the Fieldses argue that both the justice of the peace court and the county court lacked jurisdiction to hear the forcible detainer action because the federal court first acquired subject-matter jurisdiction over the property and the issue of right to possession of the property. In response, the Varrichios contend that the justice and county courts had subject matter jurisdiction regardless of the pendency of an appeal in federal court. We agree with the Varrichios.

The Fieldses argue that "where a federal court has first acquired jurisdiction of the subject-matter of a cause, it may enjoin the parties from proceeding in a state court of concurrent jurisdiction where the effect of the action would be *to defeat or impair the jurisdiction of the federal court*." [Emphasis added.] They cite four old cases from the United States Supreme

---

[4]*See* Tex. R. App. P. 38.1(g) (stating that, in a civil case, the court will accept as true the facts asserted in the appellant's brief unless another party contradicts them), 38.2(a)(1)(B) (stating that an appellee's brief need not contain a statement of facts unless the appellee is dissatisfied with the statement of facts in the appellant's brief).

Court to support that argument.[5] They contend that "both title and possession are in front of the federal court," and, therefore, "allowing the forcible entry and detainer suit to go forward would be contrary to federal law."

"[A] justice court or county court at law is not deprived of jurisdiction in a forcible detainer action merely because of the existence of a title dispute."[6] "[I]n most cases the right to immediate possession can be determined separately from the right to title," and a court hearing an eviction proceeding "is deprived of jurisdiction only if the determination of the right to immediate possession necessarily requires the resolution of the title dispute."[7]

Texas courts, including this one, have repeatedly held that "subject matter jurisdiction in a forcible detainer action is not defeated simply by the fact that a concurrent suit is pending in federal court."[8] "[A] judgment of possession in a

---

[5]*Mandeville v. Canterbury*, 318 U.S. 47, 50, 63 S. Ct. 472, 474 (1943); *Toucey v. New York Life Ins. Co.*, 314 U.S. 118, 135, 62 S. Ct. 139, 144–45 (1941); *Kline v. Burke Const. Co.*, 260 U.S. 226, 229, 43 S. Ct. 79, 81 (1922); *Farmers Loan & Trust Co. v. Lake St. Elevated R. Co.*, 177 U.S. 51, 61, 20 S. Ct. 564, 568 (1900).

[6] *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd).

[7]*Id.*

[8]*Woods v. Pennymac Loan Servs., L.L.C.*, No. 02-12-00301-CV, 2013 WL 4506776, at *2 (Tex. App.—Fort Worth Aug. 22, 2013, no pet.) (mem. op.); *see also Hossain v. Fed. Nat'l Mortg. Ass'n*, No. 14-14-00273-CV, 2015 WL 3751548, at *2 (Tex. App.—Houston [14th Dist.] June 16, 2015, pet. filed) (mem. op.); *Singha v. Fed. Nat'l Mortg. Ass'n*, No. 05-13-01518-CV, 2015 WL 1477930, at *3 (Tex. App.—Dallas Mar. 31, 2015, no pet.) (mem. op.).

4

forcible detainer action is a determination only of the right to *immediate* possession and does not determine the *ultimate* rights of the parties to any other issue in controversy relating to the realty in question."[9]

The eviction proceedings below involved the adjudication of only who has the superior right to *immediate* possession and not of who holds title to the property, whether Chase Bank violated any duty or law by foreclosing on the property, whether the foreclosure was proper, or who *ultimately* has the right of possession.[10]  The eviction proceeding neither impaired nor interfered with the federal court's jurisdiction to adjudicate the Fieldses' claims.

The Fieldses point us to nothing in the record that shows that the lower courts could not determine the question of immediate possession without also determining title to the property or any of the issues before the federal court, and we found nothing of that kind in our review of the record.  The Fieldses have not alleged any grounds, other than the existence of the federal lawsuit, on which the courts below should have found that the Fieldses had a superior right to

---

[9]*Girard v. AH4R I TX DFW, LLC*, No. 02-13-00112-CV, 2014 WL 670198, at *2 (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (citing *Hong Kong Dev. Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g)).

[10]*See, e.g., Hossain*, 2015 WL 3751548, at *2 (noting that challenge to validity of a foreclosure sale does not deprive justice court or county court of jurisdiction over forcible detainer suit); *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (holding that county court had jurisdiction to determine forcible detainer claim despite pending federal suit to try title because county court could determine possession without determining title).

possession, and they do not argue that the Varrichios failed to establish the statutory criteria for eviction or to follow the rules applicable to such proceedings.[11] Accordingly, we overrule their sole issue.

Having overruled the Fieldses' issue, we affirm the county court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED: October 1, 2015

---

[11] *See* Tex. Prop. Code Ann. § 24.002 (West 2014) (defining forcible detainer), § 24.005 (West 2014) (requiring that notice to vacate be given prior to filing an eviction suit); Tex. R. Civ. P. 510.1–.13 (setting out procedures for eviction suits).