**Charles T. PROUTY et al.**

v.

**CITIZENS UTILITIES COMPANY.**

Civ. A. No. 2015.

United States District Court
D. Vermont.

Sept. 12, 1962.

As Amended Nov. 1, 1962.

Edwin W. Lawrence, Rutland, Vt., for plaintiffs Charles T. Prouty, Genevieve Prouty Gage, and Third National Bank & Trust Company.

Arthur L. Graves, St. Johnsbury, Vt., appears for plaintiffs John A. Prouty and Elsinor Prouty Mallory.

Clifton G. Parker, Morrisville, Vt., and Arthur S. Friedman, New York City, for defendant.

GIBSON, District Judge.

## STATEMENT OF THE CASE

This is the saga of a too long course of litigation over the value of and title to certain real estate located along the Clyde River in Orleans County, Vermont. The Plaintiffs are heirs or representatives of heirs of Abbie D. Prouty who, in July 1930, executed under seal a written contract with the Newport Electric Light Company. This electric utility company was later acquired by the Defendant, Citizens Utilities Company.

As above stated, on July 29, 1930, Plaintiffs' predecessors in title executed a lease with Defendant's predecessor in title of land and interest therein located on the Clyde River in Newport, Vermont.

This lease was for a term of 25 years, effective October 1, 1930.

The lease provided that Defendant's predecessor would pay Plaintiffs' predecessor monthly rental of $625.00 and pay one half of all taxes and assessments levied against this leased property during the term of the lease.

The lease further provided that the lessee might acquire title to the property in the following manner:

1) By paying $150,000 to the lessor before October 1, 1935 plus any rentals then due and owing.

2) If the lessee did not elect to acquire title as outlined above before October 1, 1935, then the lessee would purchase the property within six months after October 1, 1955;

a—at a price mutually satisfactory to both parties, or failing that,

b—the lessee would, within said six months period institute proceedings to acquire the property by condemnation "before the tribunal then having jurisdiction of such proceedings", and the value there fixed would constitute the purchase price, or failing to do either (a) or (b),

c—the lessee would pay $300,000 as the purchase price for the property.

The lessee did not pay $150,000 on or before October 1, 1935. After the lease terminated on September 30, 1955, the parties did not reach a purchase price mutually satisfactory. On March 27, 1956, the Defendant herein, having succeeded the original lessee, commenced a proceeding before the then Vermont Public Service Commission seeking to acquire this property by condemnation and seeking to have that Commission set the figure that would constitute the purchase price. The Defendant took no steps to comply with Section 23 of the Federal Power Act (16 U.S.C.A. § 817) in that it did not then, and did not for many years thereafter, seek a license from the Federal Power Commission for the operation of its project works on Clyde River, nor did it receive permission to operate such project works in compliance with State law, and it did not secure a Certificate of Public Good from the State of Vermont.

On May 11, 1956, the Defendant having failed to take any steps at all before the Federal Power Commission, the Plaintiffs, claiming that the filing of Defendant's petition with the Vermont Public Service Commission on March 27 was not an effort by the Defendant to condemn this property before a tribunal then having jurisdiction thereof, instituted this action seeking specific performance of the lease contract. That is, they seek a judgment that Defendant pay $300,000 to Plaintiffs in return for title to the property. In its answer, the Defendant filed four affirmative defenses; (a) lack of jurisdiction, (b) that the Federal Power Commission was the only agency that had jurisdiction of this controversy, (c) that the Vermont Public Service Commission had jurisdiction to hear Defendant's condemnation petition filed March 27, 1956, and (d) that Plaintiffs' complaint failed to state a cause of action.

After trial and hearing, this Court, on April 9, 1957, handed down an opinion and a judgment order granting specific performance. Prouty v. Citizens Utilities Co., 150 F.Supp. 892 (D.C.Vt., 1957). For a more detailed statement of facts, attention is called to this opinion. The Defendant appealed this judgment order and on July 3, 1958, the Second Circuit Court of Appeals reversed the judgment of this Court on grounds not argued or raised in the District Court. Prouty v. Citizens Utilities Co., 257 F. 2d 692 (C.C.A. 2nd Cir. 1958). The appellant court held in substance that the District Court, as matter of comity, should allow the Vermont Public Service Commission and Vermont Courts to decide whether or not the Vermont Public Service Commission had jurisdiction over condemnation of the lands in question. The order of the appellate court read at page 694 as follows:

"Accordingly the decision on appeal is reversed; but we do not direct that the federal suit be dismissed because, if the question of jurisdiction should ultimately be decided in the appellees' favor, the pendency of the federal suit will prevent the running of any statute of limitations."

Plaintiff sought certiorari which was denied at 358 U.S. 867, 79 S.Ct. 98, 3 L.Ed. 2d 99 (1958).

On June 24, 1957, the Federal Power Commission instituted an investigation of the Clyde River. On February 16, 1959, the Federal Power Commission ruled that the entirety of the Clyde River was navigable waters of the United States. The Defendant appealed this decision to the Second Circuit Court of Appeals. The Appellate Court affirmed the decision of the Federal Power Commission in May, 1960. Citizens Utilities Co. v. Federal Power Commission, 279 F.2d 1 (C.C.A. 2nd Cir., 1960), certiorari denied, 364 U.S. 893, 81 S.Ct. 224, 5 L. Ed.2d 188 (1960). Petition for Review was dismissed. Citizens Utilities Co. v. Federal Power Commission, 295 F.2d 959 (C.C.A. 2nd Cir. 1961).

On June 12, 1959, the Vermont Public Service Commission ruled it had jurisdiction of the Defendant's condemnation petition of March 27, 1956 and on August 26, 1960 fixed $95,000 as a proper award for Plaintiffs' property. Both parties appealed to the Vermont Supreme Court, which on November 21, 1961, held that the Vermont Public Service Commission was without jurisdiction in the matter. Citizens Utilities Co. v. Prouty et al., 122 Vt. 443, 176 A.2d 751 (1961).

Certiorari to United States Supreme Court was sought by the Defendant, but it was denied. Citizens Utilities Co. v. Prouty et al., 369 U.S. 838, 82 S.Ct. 867, 7 L.Ed.2d 842 (1962).

Thereafter on April 23, 1962, Plaintiffs filed a motion for decree in their action of May 11, 1956, which was and is still pending in this Court by virtue of the mandate of the Court of Appeals at 257 F.2d 692, 694. In their motion for decree Plaintiffs set forth that all

material issues presented by the record in this case, pursuant to the opinion of the Circuit Court of Appeals, have been adjudicated; that the question as to whether or not the Vermont Public Service Commission had jurisdiction of the eminent domain proceedings instituted by Defendant against the Plaintiffs in March 1956 had been decided in the negative by the Supreme Court of Vermont; that a final order dismissing said eminent domain proceeding pursuant to the mandate and opinion of the Vermont Supreme Court was entered by the then Public Service Board (successor to the Public Service Commission) on January 29, 1962; and that the United States Supreme Court had denied Defendant's petition for a writ of cert. following the opinion of the Vermont Supreme Court.

Plaintiffs further maintained that the Defendant has never complied with Section 23 of the Federal Power Act in that it has no license from the Federal Power Commission for the operation of its project works on the Clyde River and has not received permission to operate such project works in compliance with State law.

On May 14, 1962, the Defendant filed its motion for entry of judgment of dismissal. In addition, Defendant filed an affidavit in opposition to Plaintiffs' motion for decree in which it asked that the Plaintiffs be required to file a new complaint so that the Defendant could file a new answer setting forth additional defenses, i. e.—that the contract herein sought to be enforced in equity cannot be so enforced because it calls for imposition of a penalty and forfeiture; that the original contract was not accomplished as a result of an arms-length transaction; that the Plaintiffs do not come into this Court with clean hands; and that plaintiffs are asking this Court to compel the perpetration of an unlawful act.

Hearing was held on these respective motions and after considering the arguments of counsel and reading their voluminous briefs, particularly voluminous

were those of Defendant, this Court has come to the following conclusion.

## CONCLUSIONS OF LAW

Plaintiffs' motion for decree is granted. The Vermont Supreme Court has held that the Vermont Public Service Commission—now the Vermont Public Service Board—was without jurisdiction of the matter contained in Defendant's petition for condemnation of March 27, 1956. A final order dismissing this eminent domain proceeding was entered by the Public Service Board January 29, 1962. The Defendant did not, within six months after October 1, 1955, institute proceedings to acquire the property by condemnation before the tribunal then having jurisdiction of such proceedings—namely the Federal Power Commission.

The plain purport of the decision of the Vermont Supreme Court as reported in 122 Vt. 443, 176 A.2d 751 was that as of March 27, 1956 the Vermont Public Service Commission was without jurisdiction of the eminent domain proceedings filed with it by Defendant.

This interpretation of the Vermont Supreme Court decision directly results from this Court's concept of jurisdiction. It is the view of this Court that jurisdiction is the power of a tribunal or court to act concerning some specified matter. The court or tribunal has jurisdiction over the subject matter or it does not. If jurisdiction is once obtained over a certain matter, it cannot be lost or ousted. What may happen is that the particular tribunal or court may be incapacitated from disposing of the matter because of some intervening occurrence, such as a necessary change of venue or statutory transfer from a state to federal court. If jurisdiction does not exist over the subject matter in a particular court or tribunal, it never existed, and there is nothing to be lost or ousted.

Therefore when the Vermont Supreme Court states that the Vermont Public Service Commission did not have

jurisdiction of the subject matter now in controversy, it is declaring that jurisdiction over this matter never existed in the Vermont Public Service Commission. The Clyde River is navigable water, and the Federal Power Commission has had exclusive jurisdiction over it, certainly since the creation of the Federal Power Commission.

■ Nor should the Defendant at this late hour be permitted to add defenses belatedly thought up. This action was filed May 11, 1956. An answer was filed by the Defendant June 5, 1956. That answer could have alleged the defenses now urged. To allow the Defendant now—well over six years after filing its answer—to raise additional defenses just doesn't make sense or seem to make for good justice. Such practice seems to be frowned on both by the Vermont Supreme Court and the United States Supreme Court. See Cummings v. Connecticut Gen. Life Ins. Co., 102 Vt. 351, 361, 148 A. 484 (1930); Railway Company v. McCarthy, 96 U.S. 258, 267, 24 L.Ed. 693 (1877).

### JUDGMENT ORDER

It is hereby ordered that each of the Plaintiffs severally convey by warranty deed to the Defendant, Citizens Utilities Company, his or her undivided one-fourth interest in the realty, property and proprietary interests described in the contract between the Newport Electric Light Company and Abbie D. Prouty dated July 29, 1930, pursuant to said contract.

It is further ordered that upon tender of said deed by each, Citizens Utilities Company shall pay to him or her one-fourth of the sum of $300,000 plus interest from April 9, 1957 to date less the payments made for use and occupation from April 1, 1956, provided however, that in the case of Elsinor Prouty Mallory it shall be less also by amounts already and hereafter paid under an alleged contract. This is also applicable to the executors and administrators of each of the Plaintiffs.

Finally, it is Ordered that payments by the Defendant to the respective plaintiffs shall be subject to such attorneys' liens for the reasonable fees and expenses of their respective counsel as have been or may hereafter be filed with the Clerk.