United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 02-20486

_____

MARK NEWBY, et al,

Plaintiffs,

JANE BULLOCK; JOHN BARNHILL; DON REILAND; SCOTT BORCHART;
MICHAEL MIES; et al,

Plaintiffs-Appellants,

DR. ROBERT STARK; SUDIE STARK; DELBERT H. STARK, JR.;
HENRY BOEHM, M.D.; VIRGINIA LAKE; et al,

Appellants,

v.

ENRON CORPORATION, et al,

Defendants,

ANDREW S. FASTOW; KENNETH L. LAY; JEFFREY J. SKILLING;
ARTHUR ANDERSEN L.L.P.; DAVID B. DUNCAN;
D. STEPHEN GODDARD, JR.; THOMAS H. BAUER,

Defendants-Appellees.

_____

JANE BULLOCK; JOHN BARNHILL; DON REILAND; SCOTT BORCHART;
MICHAEL MIES; VIRGINIA ACOSTA; JIM HEVELY; MIKE BAUBY;
ROBERT MORAN; JACK TURNER; MARILYN TURNER; HAL MOORMAN,
Co-Trustee for Moorman, Tate, Moorman & Urquhart Money Purchase Plan and Trust;
MILTON TATE, Co-Trustee for Moorman, Tate, Moorman & Urquhart Money
Purchase Plan and Trust,

Plaintiffs-Appellants,

DR. ROBERT STARK; SUDIE STARK; DELBERT H. STARK, JR.;
HENRY BOEHM, M.D.; VIRGINIA LAKE; et al,

Appellants,

v.

ARTHUR ANDERSEN L.L.P., et al,

Defendants,

DEBRA A. CASH; ROGER WILLARD,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas, Houston

---

Before DAVIS, CYNTHIA HOLCOMB HALL[*] and EMILIO M. GARZA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Plaintiffs in a state court case appeal from the order of the United States District Court in charge of the Enron multi-district litigation staying discovery in their related state court action and enjoining the parties from seeking further injunctions in that case without leave of the district court. Based on our conclusion that the district court was authorized under the Securities Litigation Uniform Standards Act of 1998 and the All Writs Act to issue its orders, we affirm.

I.

The district court in this case is the multi-district litigation transferee for all Enron-related litigation. The lead case for the securities group of cases consolidated under In re Enron is Newby, et al. v. Enron Corp., et al. (Newby). The district judge presiding over these cases has ruled on numerous motions and has been heavily engaged in the considerable task of managing this complex litigation, including issuing a comprehensive pre-trial scheduling order. In addition to the securities cases, the same district judge also presides over a group of cases brought on behalf of Enron employees, which are consolidated into Newby.

---

[*] U.S. Circuit Judge, Ninth Circuit, sitting by designation.

Discovery in all cases has been coordinated. Once discovery is authorized, the district court has ordered the parties to confer regarding the establishment of a document depository accessible to the attorneys for all parties. In these early stages of federal court litigation, the district court has ordered defendant Arthur Anderson to segregate, preserve, and protect all writings and other materials relating to Enron and any Enron-related entities. It also denied the federal plaintiffs' request for an order freezing all assets of the defendants in the Newby case. All discovery in Newby is stayed in accordance with the automatic stay provisions of the Private Securities Litigation Reform Act (PSLRA) pending a ruling on Defendants' Motion to Dismiss.[1]

The underlying lawsuit, Bullock, et al., v. Arthur Anderson, L.L.P., et al.,(Bullock), which precipitated the district court order being challenged in this appeal, was filed in the 21st District Court of Washington County, Texas in January 2002 on behalf of thirteen individual plaintiffs. The Bullock case is one of seven separate securities-related lawsuits filed by Appellants' counsel, Fleming & Associates (Fleming), in various Texas state courts. Enron is not a defendant in the Bullock case. Many of the defendants in the Bullock case however are also defendants in the cases consolidated under Newby. The defendants attempted to remove Bullock to the United States District Court for the Western District of Texas, but the case was remanded for lack of subject matter jurisdiction under the Securities Litigation Uniform Standards Act (SLUSA).[2]

---

[1] See 15 U.S.C. § 78u-4(b)(3)(B) - "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."

[2] Under SLUSA, the federal court is the exclusive venue for class actions alleging fraud in the sale of covered securities. 15 U.S.C. §§ 77p, 78bb(f). A "covered class action" under the act is a single lawsuit in which damages are sought on behalf of more than fifty parties. 15 U.S.C. § 77p(f)(2).

After remand, the Bullock plaintiffs sought permission from the state court to commence discovery. The state court issued a number of rulings. It allowed immediate discovery, rejected a request by the Defendants to coordinate discovery with the Newby litigation and set a schedule that would result in trial in state court before the trial in the federal court. There is no dispute that the discovery sought in Bullock would have fallen squarely within the discovery that may eventually take place in Newby if the plaintiffs survive a motion to dismiss. The Bullock plaintiffs also sought a hearing on a request for temporary injunction to freeze Defendants' assets.

The appellees sought emergency injunctive relief in the United States District Court presiding over Newby. They asked the court to stay all discovery in Bullock, order Appellants' counsel, Fleming, to withdraw their motion for temporary injunction, and prohibit Appellants and Fleming from seeking further temporary injunctions without leave of the court. The district court granted all requested relief, enjoined all discovery in Bullock until it ruled on a motion to dismiss in the Newby case and enjoined Fleming from seeking any injunctive relief in state court without prior leave from the federal district court. The district court specifically found that the orders were "necessary in aid of its jurisdiction, and to protect and effectuate its judgments." The Bullock plaintiffs appeal.

## II.

Appellants argue that the district court erred in concluding that 15 U.S.C. § 78u-4(b)(3)(D) gave it the authority to stay discovery in a state court non-class action suit. Relying on legislative history and the language of the statute, they contend that the PSLRA and SLUSA were designed to deal with perceived abuses in securities class actions, not with an individual

action like Bullock. Also relying on legislative history and the plain language of the statute, we disagree.

## A.

Congress passed the Private Securities Litigation Reform Act in 1997 (PSLRA). (Codified in part at 15 U.S.C. § § 77z-1, 78u-4.) The PSLRA amended the Securities Act of 1933, 15 U.S.C. §§ 77a, et seq. and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, et seq. It was enacted in response to an increase in securities fraud lawsuits perceived as frivolous, including shareholder strike suits and other meritless lawsuits. *See generally,* John F. Olson, David C. Macaffey, Brian E. Casey, Pleading Reform, Plaintiff Qualification and Discovery Stays under the Reform Act, 51 Bus. Law. 1101 (1996); Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 107 (2d Cir. 2001). The automatic stay of discovery under 15 U.S.C. § 78u-4(b)(3)(B) was one of the measures put into place by the PSLRA. The provision reads as follows:

> (B) Stay of discovery
>
> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

The rationale underlying the stay was to prevent costly "extensive discovery and disruption of normal business activities" until a court could determine whether a filed suit had merit, by ruling on the defendant's motion to dismiss. See Reform Act, 51 Bus. Law at 1101-03. The stay protected defendants from plaintiffs who would use discovery to substantiate an initially frivolous complaint. See H.R. Rep. 369, 104th Cong., 1st Sess. 31, 32 (1995). The PSLRA also

incorporated heightened pleading standards.

These safeguards did not have the desired effect. Congress responded with the passage of SLUSA in 1998. House Report 105-640 on SLUSA indicates that following the passage of the PSLRA, the number of securities lawsuits filed in state courts increased substantially. H. Rep. 105-640 (1998). The purpose of SLUSA was "to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than Federal, court." Id. This problem was addressed in SLUSA in two ways: (1) by preempting certain securities fraud class actions brought under state law, and (2) by granting the power to federal court judges to quash discovery in state court actions if discovery in the state case conflicted with an order of the federal court. Id. The purpose of the grant was "to give Federal judges tools to combat abuse of discovery proceedings in individual actions that may be brought in State court." Id. Specifically as to § 78u-4(b)(3)(D) (Subsection 101(a)(2) of SLUSA), the Report states that it -

> amends [section 78u-4(b)] to include a provision to prevent plaintiffs from circumventing the stay of discovery under the Reform Act by using State court discovery, which may not be subject to those limitations, in an action filed in State court. This provision expressly permits a Federal court to stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effectuate its judgments. This provision authorizes a court to stay such proceedings in State court, regardless of whether: (1) there exists a parallel action in Federal court; or (2) the State proceedings were brought prior to, subsequent to, or concurrently with, a Federal filing. Because circumvention of the stay of discovery of the Reform Act is a key abuse that this legislation is designed to prevent, the Committee intends that courts use this provision liberally, so that the preservation of State court jurisdiction of limited individual securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the Reform Act.

Id. (emphasis added). The provision as added provides:

6

**(D)    Circumvention of stay of discovery**
Upon a proper showing, a court may stay discovery proceedings in <u>any private action in a State court</u>, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph.

15 U.S.C. § 78u-4(b)(3)(D). (Emphasis added).

B.

The Appellants' argue that the term "any private action in a State court" in 15 U.S.C. § 78u-4(b)(3)(D) refers only to any private <u>class</u> action in a State court for three reasons: (1) because the PSLRA and SLUSA were enacted to combat abuses in class action securities cases, (2) because subsection (a) of § 78u-4 states that it applies to private actions "brought as a plaintiff class action," and (3) because the specific reference to private class actions in subsection (a) of § 78u-4 controls over the more general term private action in subsection (b).

The appellants point to several passages in the legislative history of PLSRA and SLUSA that indicate that those reform efforts were focused on abuses in <u>class</u> action securities cases. They also note reports that indicate that Congress intended to differentiate between individual actions that could continue to be brought in state courts and cases with 50 or more persons that would be under the exclusive jurisdiction of the federal courts. To the extent we look to the legislative history to determine the meaning of 15 U.S.C. § 78u-4(b)(3)(D), such reports tell us little. Both the PSLRA and SLUSA were enacted to combat abuses in class action securities cases, in particular those caused by the filing of class actions in state court. However, these statements of intention do not indicate how those abuses would be combated. As outlined above, in enacting SLUSA Congress sought to curb all efforts to circumvent the reforms put into place by PSLRA. One of those abuses was the use of discovery in state court suits to avoid the

7

discovery stay imposed in federal securities class actions. Specifically as to § 78u-4(b)(3)(D), the House Report states that it was intended that the section be applied "liberally, so that the preservation of State court jurisdiction of limited <u>individual</u> securities fraud claims does not become a loophole through which the trial bar can engage in discovery not subject to the stay of the Reform Act." (Emphasis added.)  Simply because the PSLRA and SLUSA were enacted to combat abuses in class action securities cases, does not mean that the remedy Congress chose to curb these abuses would not affect non-class action cases.

The remainder of Appellants' argument rests on the fact that subsection (a) of § 78u-4 states that "The provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action."  The Appellants suggest that this limitation in subsection (a) of § 78u-4, similarly limits the discovery stay provision in subsection (b) of § 78u-4 to private actions brought as plaintiff class actions.  They also suggest that the use of the more specific reference in subsection (a) to private actions brought as plaintiff class actions, dictates that the reference to "private action in a state court" in subsection (b) must also be read to mean "private <u>class</u> action in a state court."

This reading of § 78u-4 is contrary to the plain language of the statute.  In this circuit, the plain language of the statute governs when clear on its face. <u>Andrews & Kurth L.L.P. v. Family Snacks (In re Pro-Snax Distribs.)</u>, 157 F.3d 414, 425 (5th Cir. 1998).  Subsection (a) of § 78u-4 governs "Private class actions."  Subsection (b), which is equal in rank to subsection (a), is separate and distinct from subsection (a) and sets "Requirements for securities fraud actions."  Subsection (b) governs a broader category than subsection (a) and repeatedly makes its terms applicable to "<u>any</u> private action arising under this chapter." (Emphasis added.)  Several courts

8

have acknowledged, directly or indirectly, that the PSLRA's "any private action" language allows for application of the discovery stay in U.S.C. § 78u-4(b)(3)(B) to non-class action federal securities suits. See Hilliard v. Black, 125 F.Supp.2d 1071, 1084 (S.D. Fla. 2000); Mishkin v. Ageloff, 220 B.R. 784, 792 (S.D.N.Y. 1998); Berckeley Inv. Group, Ltd. v. Colkitt, 984 F. Supp. 827, 828-29 (M.D. Pa. 1997); Medical Imaging Centers of Am. v. Lichtenstein, 917 F. Supp. 717, 720 (S.D. Cal. 1996)(all applying PLSRA's discovery stay to actions not involving any class). No contrary opinions have been cited. The discovery stay provision in Section 78u-4(b)(3)(D) similarly states that it applies to "any private action in a State court." We see no reason why the discovery stay provision in § 78u-4(b)(3)(D) should not also apply to stays of discovery in any private, class or nonclass, action in state court.

The title of Section 78u-4(b)(3)(D) reflects its purpose: to prevent the "circumvention of stay of discovery" provided for in § 78u-4(b)(3)(B). The provision in § 78u-4(b)(3)(D) allows the federal district court presiding over an action subject to the automatic stay of discovery to order a similar stay in a state court action. On its face, (b)(3)(D) applies to "any private action in a State court." The action stayed by the district court is plainly within the scope of this clause.[3] The only remaining requisite is that the district court find that action "necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The district court clearly made this finding in this case and the Appellants do not challenge the appropriateness of that conclusion. The district court did not err in entering a stay of discovery in Bullock under the clear expression of authority in § 78u-4(b)(3)(D).

---

[3] We specifically reject as unpersuasive two district court decisions, Lapicola et al v. Alternative Dual Fuels, Inc. et al, 2002 WL 531545 (N.D. Tex.) and In re Transcrypt Int'l Sec. Litig., 57 F. Supp. 2d 836 (D. Neb. 1999), which reach the opposite result.

9

III.

The appellants also challenge the district court's order forcing them to withdraw their motions for temporary injunction to defendants' freeze assets and preserve documents and barring them from returning to the state court for other temporary injunctions without leave of the U.S. district court. Specifically they argue that these actions violate the All Writs and Anti-Injunction Acts. Again, we disagree.

Together the All Writs Act and the Anti-Injunction Act govern whether it is proper for a federal court to enjoin pending state court litigation. Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This broad grant of authority is then limited by the Anti-Injunction Act, which bars a federal court from enjoining a proceeding in a state court unless that action is "expressly authorized by Acts of Congress, or where necessary in aid of jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2238. The All Writs Act contains the same language as the second of the three exceptions in the Anti-Injunction Act, and the parallel "necessary in aid of jurisdiction" language is construed similarly in both statutes. Newby v. Enron Corp, 302 F.3d 295, 301 (5th Cir. 2002). Together the All Writs Act and the Anti-Injunction Act govern whether a district court can properly enjoin state court litigation pending at the time injunctive relief is requested.

The Supreme Court has explained in applying the Anti-Injunction Act that state courts may be enjoined when "necessary to prevent a state court from so interfering with a federal court's consideration of disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." In re Corrugated Container Antitrust Litigation, 659 F.2d

10

1332, 1334 (5th Cir. 1981), quoting Atlantic C.L.R.R. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 295, 90 S.Ct. 1739, 1747 (1970).

In In re Corrugated Container, this circuit affirmed an injunction against certain plaintiffs in a class action preventing them from pursuing a lawsuit in a state court in which the same persons were also plaintiffs and from pursuing any claims relating to the class action in any other court. We decided that the state court suit would interfere with the multi-district court's ability to dispose of the broader action pending before it, and federal district court found that the plaintiffs' attorneys had "taken and manifested an intention to continue to take, actions threatening [the federal] court's exercise of its proper jurisdiction and the effectuation of its judgments, by filing and threatening to file duplicative and harassing litigation in the courts of various states and by seeking therein orders disrupting the proceedings" in the multi-district case. Id. at 1335. See also Winkler v. Eli Lilly & Co., 101 F.3d 1196, 1202 (7th Cir. 1996)(District court had the authority to enter an injunction to protect the integrity of its pre-trial ruling barring the litigants from discovering the terms of a secret agreement reached in a separate state court action, but injunction was vacated as being not narrowly crafted and based on inadequate facts.); Carlough v. Amchem Products, Inc., 10 F.3d 189 (3d Cir. 1993) (Federal district court presiding over class action asbestos litigation could properly enjoin absent members of the plaintiff class from prosecuting separate action in state court or other forum. Plaintiffs in state suit were seeking to challenge the propriety of the federal class.); Battle v. Liberty Nat'l Life Ins. Co., 877 F.2d 877, 881-82 (11th Cir. 1989) (Federal court may enjoin state court plaintiffs from pursuing claims in state court that are substantially similar to federal antitrust claims settled by final judgment in large federal class action. The district court maintained continuing jurisdiction over the case to resolve disputes over

11

the terms of the judgment.).

This case fits within the exception for injunctions necessary in aid of the district court's jurisdiction as defined by the above decisions. This multi-district case centralizes in one district court fifty-four Enron-related federal civil cases. Forty or more cases have been designated as tag along cases also subject to conditional transfer orders. The district court amply demonstrated how the injunctions sought in state court threatened to interfere with the federal court's orderly handling of the massive federal litigation:

* The state court motion for temporary injunction against Anderson prohibiting it from destroying any records duplicates the Newby court's January 23, 2002 order prohibiting Anderson from destroying records.

* The state court motion for temporary injunction against Anderson requesting an asset freeze is virtually identical to temporary injunctive relief sought in one of the consolidated federal cases and substantially similar to relief obtained in one of the state cases which the Newby court had previously ordered Fleming to dissolve.

* The state court motion for temporary injunction against various individual defendants requesting an asset freeze duplicates motions currently pending before the Newby court.

In general, the district court found that the injunctions sought in state court threatened to interfere with the federal court's determinations as to whether or not injunctions should issue, that there was a danger of both duplicate and inconsistent injunctive relief that could expose the Bullock defendants to serious risk, and that some of the relief requested in the state court injunctions duplicated relief granted by the federal court and thus collaterally attacked the district court's

12

ruling.  The district court also stated that Fleming's actions appeared to be "a deliberate one designed to taunt the parties and the Court and to flaunt the Court's jurisdiction."

Fleming's efforts to avoid SLUSA by filing his clients' claims in state court do not by themselves constitute an abuse of the courts.  Newby, 302 F.3d at 303.  However, Fleming has been cited before for making unjustified and duplicative requests, including requests for *ex parte* temporary injunctions, that were found to "constitute a sufficiently serious and systematic abuse of the courts to warrant" an injunction barring him from filing any additional state court suits without leave of the federal district court.  Id.  In Newby, this court addressed an appeal by Fleming and the plaintiffs in one of the consolidated federal cases from an order of the district court dissolving a temporary restraining order issued by a state court and enjoining Fleming from filing any new Enron-related actions without leave of the district court.  The order was in reaction to Fleming's pattern of filing Enron-related cases and related requests for TROs with no notice to the defendants.  Four cases were filed between November 2001 and February 2002. Simultaneously with the filing of the petitions, Fleming sought *ex parte* TROs against Anderson to prevent Anderson from destroying Enron-related documents.  In the last filed case, Fleming also sought an injunction freezing assets of the defendants.  In none of the requested TROs did Fleming notify defendants' counsel of the filing of the suits or the applications for the TROs, even though they were dealing regularly with counsel for the defendants in the federal litigation.  In Newby, we stated "This is no matter of rules of fine etiquette.  Rather, it is the matter of lawyers as officers of the court conducting themselves in ways that do not impede the work of the courts - - the genuine and not false service to their clients."  Id. at 303.  This behavior appears to continue in this case, in a slightly different manner.  The district court did not err in concluding that

13

Fleming & Associates' requests for temporary injunctions in the state court in this case are an attempt to taunt the parties and the court and to undermine the district court's ability to control the consolidated litigation, and, in response, injunctive relief is proper.

The injunction in this case is narrowly tailored to address the threat to the district court created by the Bullock plaintiffs' activities. It does not bar the state proceeding in its entirety, as was done in Carlough and Battle. Rather, it bars the Bullock plaintiffs only from seeking injunctions in the state case without first seeking leave of the federal court.[4] Accordingly, we conclude that the district court had authority under the All Writs Act and was not prohibited by the Anti-Injunction Act from enjoining the Bullock plaintiffs from seeking further injunctions in the state court suit without its permission and did not abuse its discretion in doing so.

IV.

The district court's actions, staying discovery in the related state court case and enjoining the parties from seeking further temporary injunctions in that case without leave of the U.S. district court, were authorized by statute, supported when necessary by appropriate fact findings and narrowly tailored to limit the federal court's interference with the state courts. The district court has exercised admirable restraint and patience in responding to counsel's persistent efforts to interfere with its difficult task of managing this complex litigation. Counsel has no right to expect this level of restraint to continue. For the foregoing reasons, the district court's orders are

AFFIRMED.

---

[4] The discovery stay is similarly circumspect, barring discovery in the state case only pending decision on the Newby defendants' Motion to Dismiss. Accordingly, the discovery stay could alternatively be justified on the basis of the All Writs Act.

14