**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

TOOELE COUNTY; STATE OF UTAH,

    Plaintiffs-Appellees,

v.

UNITED STATES OF AMERICA,

    Defendant – Appellee,

and

SOUTHERN UTAH WILDERNESS ALLIANCE; THE WILDERNESS SOCIETY; SIERRA CLUB,

    Intervenor-Defendants.
_____

MICHAEL ABDO; SOUTHERN UTAH WILDERNESS ALLIANCE,

    Appellants.

No. 15-4062

_____

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 2:12-CV-00477-CW)**
_____

Jess M. Krannich, Manning Curtis Bradshaw & Bednar LLC, Salt Lake City, Utah, (Stephen H.M. Bloch and Joseph J. Bushyhead, Southern Utah Wilderness Alliance, Salt Lake City, Utah; Brent V. Manning and Alan C. Bradshaw, Manning Curtis Bradshaw & Bednar LLC, Salt Lake City, Utah with her on the briefs) for Appellants.

Anthony L. Rampton, Assistant Attorney General, Utah Attorney General, Salt Lake City, Utah, (Kathy A. F. Davis, Assistant Attorney General and Sean D. Reyes, Utah Attorney General, Salt Lake City, Utah, with him on the brief) for Plaintiffs-Appellees.

_____

Before **HARTZ**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

This appeal concerns two suits in state and federal court and statutory limitations on the power of the federal court to enjoin the state-court case.

The first action to be filed was the one in federal court, where the Utah Attorney General and the Board of Tooele County Commissioners sued the federal government under the Quiet Title Act, 28 U.S.C. § 2409a. In this suit, the Utah officials are attempting to quiet title in favor of Utah for hundreds of rights of way in Tooele County, Utah. Five environmental groups opposed this suit, and the federal district court permitted the groups to intervene.

The second suit was the one in state court, where the Southern Utah Wilderness Alliance and Mr. Michael Abdo, a Tooele County resident, claim that the Utah officials lack authority under state law to prosecute the quiet-title action in federal court.

The Utah officials asked the federal court to enjoin the Wilderness Alliance and Mr. Abdo from prosecuting the state-court action. The federal

2

district court granted the request and entered a temporary restraining order enjoining the Wilderness Alliance and Mr. Abdo for an indefinite period of time. The Wilderness Alliance and Mr. Abdo appeal this ruling, presenting us with two primary issues.

First, do we have appellate jurisdiction? We conclude that we do. This issue arises because the federal district court called its order a "temporary restraining order," which is not ordinarily appealable. But temporary restraining orders cannot exceed fourteen days. After fourteen days, the order either lapses or becomes a preliminary injunction. The district court's order had already lasted more than fourteen days by the time the Wilderness Alliance and Mr. Abdo appealed. Thus, the order is treated as a preliminary injunction for purposes of appellate jurisdiction.

Second, did the federal district court have the authority to enjoin the state-court suit? We think not. The All Writs Act, 28 U.S.C. § 1651, grants a district court expansive authority to issue "all writs necessary." But the Anti-Injunction Act, 28 U.S.C. § 2283 generally prohibits federal courts from enjoining state-court suits. An exception exists when an injunction is "in aid of" the federal court's exercise of its jurisdiction. This exception applies when

- the federal and state court exercise in rem or quasi in rem jurisdiction over the same res and

- the federal court is the first to take possession of the res.

3

These circumstances are absent because the state-court action is neither in rem nor quasi in rem. Thus, the district court's order violates the Anti-Injunction Act.

## I.    Jurisdiction existed in district court and exists now in our court.

The parties do not dispute our jurisdiction to hear this appeal, but we must independently examine our jurisdiction and the district court's. *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). We conclude that jurisdiction existed in district court and exists now in our court.

### A.    The federal district court had jurisdiction.

The federal court had jurisdiction over the quiet-title suit under the Quiet Title Act's grant of exclusive federal jurisdiction. *See* 28 U.S.C. § 1346(f). Exercising this jurisdiction, the federal district court used its authority under the All Writs Act to issue the temporary restraining order.

The Wilderness Alliance and Mr. Abdo challenge the district court's jurisdiction, arguing that the district court tried "to attach subject matter jurisdiction" over the state-court suit by entering the temporary restraining order. Appellants' Opening Br. at 17. We disagree. When a district court enjoins another court from proceeding with a parallel suit, the district court does not "assert jurisdiction" over the other suit; rather, the district court exercises its own jurisdiction. *See Commercial Sec. Bank v. Walker Bank & Tr. Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972) (holding that "no

4

new grant of judicial power is contemplated" by a statute empowering federal courts to enjoin state-court proceedings). Thus, we reject the challenge to the district court's jurisdiction.

**B.     We have appellate jurisdiction.**

Because the district court's order took the form of a temporary restraining order, we must address our own jurisdiction. Temporary restraining orders are not ordinarily appealable, but preliminary injunctions are appealable. *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 511 (10th Cir. 1968) (temporary restraining order); *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1147 (10th Cir. 2011) (preliminary injunction). Thus, we must consider whether the order, when appealed, was truly a temporary restraining order. If it was, it would not be appealable. But in our view, the order should be treated as a preliminary injunction for purposes of appellate jurisdiction.

Temporary restraining orders and preliminary injunctions differ in how long they can last. Temporary restraining orders can last no more than fourteen days[1]; preliminary injunctions can last longer. When a temporary restraining order lasts longer than fourteen days, it becomes appealable as a preliminary injunction. *Sampson v. Murray*, 415 U.S. 61, 86 n.58, 87-88 (1974). This is true even if the district court labels its order a temporary

---

[1]     Fed. R. Civ. P. 65(b)(2).

restraining order. *See Workman v. Bredesen*, 486 F.3d 896, 904 (6th Cir. 2007) (explaining that appellate "jurisdiction is not controlled by . . . the name that a district court attaches to an order").

Appellate jurisdiction turns on what kind of order was appealed. The Wilderness Alliance and Mr. Abdo appealed an order labeled as a temporary restraining order. But the federal district court said that the order would remain in effect until the court decided whether to grant an injunction. That period of time was indefinite. For fourteen days, the order functioned as a temporary restraining order. But on the fifteenth day, that order could be treated as a preliminary injunction, for purposes of appealability, because a temporary restraining order cannot last longer than fourteen days.

The Wilderness Alliance and Mr. Abdo appealed on the eighteenth day. Thus, they appealed an order that "we view" as a preliminary injunction. *Sampson*, 415 U.S. at 87-88. And as a preliminary injunction, the order was appealable. 28 U.S.C. § 1292(a)(1).

## II.   The federal district court violated the Anti-Injunction Act by enjoining the state-court suit.

In the temporary restraining order, the district court enjoined the Wilderness Alliance and Mr. Abdo from prosecuting the state-court action until the district court decided whether to issue an injunction. This order implicated the Anti-Injunction Act, which ordinarily prohibits injunctions

6

against state-court proceedings. 28 U.S.C. § 2283; *see Phelps v. Hamilton*, 122 F.3d 1309, 1324-25 (10th Cir. 1997) ("[T]he statute imposes an absolute ban on federal injunctions against pending state court proceeding, in the absence of one of the recognized exceptions in the law.").

The district court thought that one of the statutory exceptions applied, reasoning that an injunction against the state-court proceeding was necessary for the federal court to aid its jurisdiction over the federal quiet-title action. We respectfully disagree.

### A. We review de novo the district court's application of the Anti-Injunction Act.

We would ordinarily review the district court's order for an abuse of discretion. *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1153 (10th Cir. 2001). But the applicability of the Anti-Injunction Act calls for a legal conclusion. *Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004). Thus, we conduct de novo review of the district court's application of the Anti-Injunction Act. *Id.*

### B. The Anti-Injunction Act prohibited the federal district court from enjoining the state-court suit.

The Anti-Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:

1. Congress "expressly authorized" an injunction.

2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."

7

3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.

*Id.* Applying the second exception, the district court concluded that an injunction would aid the court in exercising its own jurisdiction. The Utah officials defend this conclusion, arguing in the alternative that the first exception applies because the Quiet Title Act constitutes an "expressly authorized" exception to the Anti-Injunction Act.

The federal district court erred. An injunction would not fall within the second exception, which encompasses injunctions in aid of the federal courts' jurisdiction. And we decline to address the first exception—whether the Quiet Title Act is an "expressly authorized" exception to the Anti-Injunction Act—because this issue was not presented to the federal district court.

## 1. The exceptions to the Anti-Injunction Act are narrow.

The Anti-Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.*, 564 U.S. 299, 131 S. Ct. 2368, 2375 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.*, 131 S. Ct. at 2382.

## 2. The second statutory exception does not apply.

The second statutory exception is limited. The Supreme Court has applied it only when

8

- both the federal and state suits constitute in rem or quasi in rem proceedings and

- the federal court was the first to take possession of the res (the property under dispute in the federal and state actions).

*See Mandeville v. Canterbury*, 318 U.S. 47, 48-49 (1943) (per curiam).[2]

To apply the second exception, the court must decide whether the two suits are either in rem or quasi in rem. "An action in rem is one founded upon the rights in or to property." *Housley v. Anaconda Co.*, 427 P.2d 390, 392 (Utah 1967). Thus, in rem proceedings affect the interests of all persons in the property. *Archer v. United States*, 268 F.2d 687, 690 (10th Cir. 1959). An action is quasi in rem when it affects the interests of only some persons in the property. *Id.*; *see* Restatement (Second) of Judgments § 6 cmt. a (Am. Law Inst. 1982).

The federal quiet-title suit fits the definition of an in rem or quasi in rem proceeding. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106-07 (Nev. 2013) (stating that an action to quiet title is an in rem or quasi in rem proceeding); *see also Enhancing the Marketability of Land: The Suit to Quiet Title*, 68 Yale L.J. 1245, 1265 (1959) (stating that for a quiet-title suit, "the court obtains jurisdiction to adjudicate all interests in the land at issue through its control of that land").

---

[2] The Utah parties acknowledge that the second exception is generally limited to state and federal proceedings that control the same res. Appellees' Resp. Br. at 11-12.

9

But the state-court suit was neither in rem nor quasi in rem because there, the Wilderness Alliance and Mr. Abdo were not seeking adjudication of anyone's interest in property. Thus, jurisdiction in state court was based on the court's authority over the Utah officials, not over anyone's property. By definition, that suit involved in personam jurisdiction rather than in rem or quasi in rem jurisdiction. *See Shaffer v. Heitner*, 433 U.S. 186, 199 (1977) ("If a court's jurisdiction is based on its authority over the defendant's person, the action and judgment are denominated 'in personam.'"). Thus, the state-court suit would not ordinarily trigger the Anti-Injunction Act's exception for injunctions involving two in rem or quasi in rem proceedings.

The Utah officials downplay the fact that the state-court suit was neither in rem nor quasi in rem, arguing that the "gravamen" of the state-court suit involves the same res involved in the federal suit. We reject this argument because the second statutory exception requires more than a relationship between the suits and the property; both suits must also be in rem or quasi in rem proceedings. *See Denver-Greeley Valley Water Users Ass'n v. McNeil*, 131 F.2d 67, 71 (10th Cir. 1942) ("The mere fact that . . . two suits relate to the same physical property does not justify a restraint of the second suit by the court first acquiring jurisdiction."). The state-court suit does not concern title to the contested rights of way at issue in the federal-court suit, and we cannot uphold the injunction based solely on a

10

"close relationship" between the subject matter of the federal and state suits. *Id.*; *see Negrete v. Allianz Life Ins. Co.*, 523 F.3d 1091, 1101 (9th Cir. 2008) ("[T]he mere fact that the actions of a state court might have some effect on the federal proceedings does not justify interference.").

The federal district court relied on an expanded version of the second exception. Unlike our court, some other circuits have applied the second exception more expansively in certain cases addressing multi-district litigation,[3] school desegregation,[4] water rights,[5] congressional redistricting,[6] and class actions.[7] In expansively applying the second exception, these courts treat the underlying federal litigation as functionally equivalent to a res. *See* Bryan J. Schillinger, *Preventing Duplicative Mass Litigation Through the Limited Resources Doctrine*, 14 Rev. Litig. 465, 467-68 (1995) (explaining that the expansive approach is based on broadening of "the definition of in rem").

---

[3] *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 364-65 (3d Cir. 2001).

[4] *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 501 F.2d 383, 384 (4th Cir. 1974).

[5] *United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1014-15 (9th Cir. 1999).

[6] *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir. 1993).

[7] *In re Diet Drugs*, 282 F.3d 220, 235 (3d Cir. 2002).

11

In the state-court action, we have nothing that can be treated as the functional equivalent of a res. Thus, even if we were to adopt the expanded exception, it would not apply here.

The Utah officials point out that

- this case is one of 22 quiet-title suits involving rights of way in various Utah counties, which are pending in the same federal district court, and

- all of these suits pit Utah against the federal government.

Because of the number of suits, the Utah officials compare this case to cases in which courts have upheld injunctions of state-court suits to facilitate multi-district or class-action litigation. In our view, however, the circumstances differ.

In cases involving multi-district litigation, some courts have broadly applied the second exception to the Anti-Injunction Act because

1. a multi-district litigation panel, created by federal statute, has reviewed many different pending cases in different district courts and decided to consolidate the cases' pretrial proceedings,

2. a judge overseeing the multi-district litigation has "put forth considerable effort coordinating discovery or settlement discussions," and

3. a state-court suit could affect the consolidated class of cases and impede settlement.

*In re Life Inv'rs Ins. Co. of Am.*, 589 F.3d 319, 331 n.11 (3d Cir. 2009). None of these concerns apply here.

12

First, the district court's case management is not governed by federal statute, and the 22 quiet-title suits are pending in a single district rather than spread across districts. The cases have not been consolidated; the district court simply issued a case-management order before trial to collectively address procedural issues.

Second, when the federal district court issued the temporary restraining order, the court had entered only a single case-management order. *See* Appellants' App'x at 9, 15 (district court docket sheet showing entry of a case-management order). The case-management order would not be disturbed even without an injunction against the state-court proceedings. *See* note 10, below.

Third, the state-court suit might affect the ability of the parties to settle the federal-court suit, but only because the state courts could resolve a related question under Utah law. As the federal district court apparently recognized, however, the state-law issue would not affect title to the property underlying the federal-court suit. Thus, the concerns animating expansion of the second exception in multi-district cases are not present here.

The Utah officials also rely on cases involving class actions. For these cases, some courts have expanded the second statutory exception by analogizing an impending settlement in a class action to a res. *See, e.g.*, *Juris v. Inamed Corp.*, 685 F.3d 1294, 1339 (11th Cir. 2012); *Lorillard*

13

*Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 844 (6th Cir. 2009); *In re Baldwin-United Corp.*, 770 F.2d 328, 337 (2d Cir. 1985).

No one has suggested that the federal suit is likely to settle soon. Thus, the federal-court suit has not progressed to the point that an injunction of the state-court suit would be necessary to protect the equivalent of a res. In these circumstances, the injunction would be invalid even in those courts that have broadened the second exception to apply beyond in rem and quasi in rem proceedings. *See Negrete v. Allianz Life Ins. Co.*, 523 F.3d 1091, 1103 (9th Cir. 2008) (declining to apply the expanded exception in class-action litigation because the case did not involve multi-district litigation, discovery was incomplete, and settlement was not imminent).

The Utah officials urge an even broader expansion, one that would authorize injunctions of state-court proceedings to prevent state courts "from undoing years of work" in federal court to resolve complex cases. Appellees' Resp. Br. at 25.[8] For this argument, the Utah officials rely on

---

[8]    In state court, the environmental groups asked for not only a declaratory judgment but also an injunction against the Utah officials' "implementation and funding" of the suit in federal court. Appellants' App'x at 19, 30. Because the environmental groups are seeking to enjoin the prosecution of a federal-court suit, one could argue that the second exception to the Anti-Injunction Act allowed the federal court to enjoin the state court. *See Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964). But the Utah officials have not made that argument. Thus, we leave open the possibility that the second exception to the Anti-Injunction Act might

14

*Winkler v. Eli Lilly & Co.*, 101 F.3d 1196 (7th Cir. 1996). In *Winkler*, the

Seventh Circuit declined to enjoin state-court proceedings. 101 F.3d at

1205-06. But the Seventh Circuit suggested that a federal court could

enjoin state proceedings when

- the federal case involves multi-district litigation and

- the injunction is necessary to protect a previous discovery order.

*Id.* at 1202. These circumstances are not present here: the federal quiet-

title suit does not involve multi-district litigation, and the federal district

court need not act to protect a previous discovery order.[9] *See Zurich Am.*

*Ins. Co. v. Superior Court*, 326 F.3d 816, 825-26 (7th Cir. 2002) (declining

to apply *Winkler* in a case that did not involve multi-district litigation or

the need to protect a previously entered order).[10]

---

allow a federal court to enjoin a state court from issuing an injunction that would prohibit prosecution of the federal-court suit.

[9]     The Utah officials also cite other opinions in which the courts relied partly on *Winkler* to enjoin state-court proceedings that threatened to undermine prior orders. Appellees' Resp. Br. at 25 (citing *Newby v. Enron Corp.*, 338 F.3d 467 (5th Cir. 2003); *In re Ocwen v. Fed. Bank FSB Mortg. Servicing Litig.*, 397 F. Supp. 2d 957 (N.D. Ill. 2005)). But here, the federal district court had no need to prevent interference with any prior orders.

[10]     The Utah officials argue that the state-court litigation could undo the federal court's case-management order. We disagree. The case-management order would remain in place; the state-court litigation would simply make further litigation in federal court unnecessary.

15

The second exception to the Anti-Injunction Act does not apply here. The federal suit was in rem or quasi in rem, but the state-court suit was neither. And the state-court suit did not involve the functional equivalent of a res. So even if we were to adopt the expanded exception, it would not apply here. Thus, the second exception to the Anti-Injunction Act does not allow an injunction against the state-court proceedings.

**3.  We decline to consider the Utah officials' newly presented argument that the Quiet Title Act is an expressly authorized exception to the Anti-Injunction Act.**

For the first time on appeal, the Utah officials contend that the Quiet Title Act is an "expressly authorized" exception to the Anti-Injunction Act. We decline to reach this argument.

We have discretion to affirm the district court on any ground adequately supported by the record. *See Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004). But in deciding whether to exercise this discretion, we may consider whether an argument was fully briefed in our court and the district court. *Id.*

---

The concerns underlying the Seventh Circuit opinion in *Winkler* are absent here. Indeed, after deciding *Winkler*, the Seventh Circuit unambiguously stated that "the prospect of a state court reaching [a] decision first, making federal decision unnecessary . . . does not justify a federal injunction against the state litigation." *Adkins v. Nestle Purina Pet Care Co.*, 779 F.3d 481, 485 (7th Cir. 2015).

16

In district court, no one addressed whether the Quiet Title Act is an "expressly authorized" exception to the Anti-Injunction Act. The proposition appears at least debatable, for the Quiet Title Act states: "No preliminary injunction shall issue in any action brought under this section." 28 U.S.C. § 2409a(c).

During oral argument, the Utah officials asserted that § 2409a(c) of the Quiet Title Act does not apply here. But no one has briefed the effect of this provision, and no other federal appellate court has considered whether the Quiet Title Act constitutes an expressly authorized exception to the Anti-Injunction Act. In these circumstances, we decline to decide the issue newly raised in our court.

## III. Conclusion

The second exception to the Anti-Injunction Act does not apply, and the district court erred by concluding that it could enjoin the state-court proceedings. This error requires reversal and remand for further proceedings.

Reversed and remanded.

15-4062 – *Tooele County v. United States*

**HARTZ,** Circuit Judge, concurring:

The opening paragraph of the Complaint for Declaratory and Injunctive Relief filed in Utah state court by Michael Abdo and Southern Utah Wilderness Alliance (Appellants) states that they are "seeking a judgment declaring Defendants' federal court quiet title action involving alleged R.S. 2477 rights-of-way in Tooele County illegal, unconstitutional, and an ultra vires action brought outside the authority of the Office of Attorney General, as well as an order enjoining the implementation and funding of this litigation." Aplt. App. at 19. The injunction sought in this complaint would "restrain federal court proceedings"; "it does not matter that the prohibition . . . [would be] addressed to the parties rather than to the federal court itself." *Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964).

I do not think that the Anti-Injunction Act, 28 U.S.C § 2283, forbids the issuance of an injunction to prohibit a state court from restraining federal-court proceedings. To restrain a federal-court proceeding is to impair – to eviscerate – that court's jurisdiction, preventing it from even considering the dispute before it. As the district court said in this case, the injunction sought by Appellants in state court "would . . . effectively defeat the jurisdiction of the federal court." Intervenors' App. at 60. An injunction prohibiting such a restraint could be "necessary in aid of [the court's] jurisdiction." 28 U.S.C § 2283.

In this light, it is easy to understand why the federal district court issued its injunction in this case. Nevertheless, such an injunction was unnecessary. The law is well-settled that a state court cannot grant the injunctive relief sought by Appellants.

Other than to protect its own jurisdiction over property in an in rem or quasi in rem proceeding, a state court has no authority to restrain a federal-court proceeding. *See Donovan,* 377 U.S. at 412-13; *General Atomic Co. v. Felter,* 434 U.S. 12 (1977); *see also Baker ex rel Thomas v. General Motors Corp.*, 522 U.S. 222, 236 n.9 (1998) ("This court has held it impermissible for a state court to enjoin a party from proceeding in a federal court.") We should presume, a very safe presumption, that no Utah court would issue the injunction sought by Appellants.

As for the declaratory relief sought by Appellants in state court, I agree with the panel majority that the Anti-Injunction Act bars the issuance of an injunction to prevent that portion of the state litigation. Even though the claim for declaratory relief raises issues that would also be before the federal court, there is nothing wrong with parallel claims being pursued in both state and federal court. To be sure, if the state proceeding were the first to arrive at a judgment, that judgment could have preclusive effect in federal court (although the federal court, applying state preclusion law, would be the tribunal to determine the preclusive effect); but such a result is not improper under our federal system. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 293 (2005) ("In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment . . . ."); *Atlantic Coast Line R. Co. v. Brotherhood of Loc. Eng.*, 398 U.S. 281, 295 (1970) ("the state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts"). In fact, before the states adopted statutes and rules permitting federal courts to certify questions of state law to

state courts, the United States Supreme Court endorsed the practice of federal-court parties seeking determinations of state-law issues in the federal litigation by commencing actions in state courts. *See, e.g., Government & Civic Employee Organizing Committee, CIO v. Windsor,* 353 U.S. 364, 365 (1957). Insofar as Appellants' state-court action seeks that court's interpretation of Utah law, it is not at all troubling, although it would be surprising if the state court exercised its discretion to issue a declaration on whether state law would be superseded by federal law in the present circumstance.