**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KRIS K. AGRAWAL,

     Plaintiff - Appellant,

v.

RICHARD V. OGDEN; OKLAHOMA
COUNTY COMMISSIONERS;
OKLAHOMA DEPARTMENT OF
LABOR; DEBRA METHENY; CURTIS
TOWERY; DON A. SCHOOLER; CHRIS
HOLLAND, a former employee of Geo
Exploration LLC, a convicted felon as
chronic violator of 11 USC 362 stay in
multiple bankruptcies of employer and
non-employers,

     Defendants - Appellees.

No. 18-6054
(D.C. No. 5:17-CV-01364-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **EID**, Circuit Judges.
_____

The origins of this case go back almost a decade, to a state-law wage dispute

between Kris Agrawal and employee Chris Holland. Holland's success in that dispute

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

has spawned multiple state and federal proceedings brought by Agrawal against a wide array of defendants. The federal district court has twice dismissed complaints filed by Agrawal to void the results of the wage dispute. The instant appeal represents one more attempt by Agrawal "to show the sham wage claim proceedings against" himself and his company, Geo Exploration, LLC (GEO). Aplt. Opening Br. at 1 (bold typeface and capitalizations omitted). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's latest dismissal.

## BACKGROUND

In 2008, Holland filed a wage claim with the Oklahoma Department of Labor (ODOL), seeking $34,350 in unpaid wages from Agrawal, his wife, and various companies they operated, including GEO. On February 3, 2009, ODOL compliance officer Debra Metheny approved Holland's claim and assessed liquidated damages, for a total award of $68,700. Agrawal, through an attorney, requested an administrative hearing. Five months later, in July 2009, GEO retained counsel and filed a Chapter 7 petition for bankruptcy.

The administrative hearing took place in February 2010. The ALJ affirmed Metheny's award to Holland in March 2010.

A few months later, back in the bankruptcy court, GEO's attorney withdrew, and Agrawal, although represented by his own attorney, filed a pro se motion to void the wages award. Therein, Agrawal advanced the argument that he has continued to pursue to this very day—that the wage award violated the automatic stay in GEO's bankruptcy case and that he was entitled to damages from Holland, ODOL, ODOL lawyer Curtis

2

Towery, and others. The bankruptcy judge held a hearing in July 2010 and struck

Agrawal's motion as improperly filed.[1]

On August 12, 2010, Agrawal filed a pro se notice of appeal to the Tenth Circuit's

Bankruptcy Appellate Panel (BAP). The BAP dismissed the appeal for failure to

prosecute.

In the meantime, there was more activity in the state proceedings. The Oklahoma

district court affirmed the wage order in September 2012. Then Agrawal and GEO,

represented by counsel, petitioned the Oklahoma Supreme Court for review.

In December 2012, the bankruptcy proceedings concluded. The bankruptcy judge

ordered the case closed, given that "there ha[d] been no activity" after the trustee had

reported in January 2011 that there was no non-exempt property to distribute. Order at 2,

*In re GEO Expl., LLC*, No. 09-14024-NLJ (Bankr. W.D. Okla. Dec. 14, 2012),

ECF No. 96.

Almost three years after the bankruptcy proceedings ended, the Oklahoma

Supreme Court affirmed the wage award. *See Agrawal v. Okla. Dep't of Labor*, 364 P.3d

618 (Okla. 2015). In doing so, the court determined that (1) GEO and the other

businesses included in Holland's wage claim were properly joined in a single claim,

given that the businesses were all operated and controlled by Agrawal, who had hired

Holland and directed his work; and (2) the ALJ did not err by barring evidence from

---

[1] Agrawal's attorney at the hearing agreed that the motion should be stricken. He withdrew from the representation a few days later, citing Agrawal's failure to cooperate and pay fees.

3

Agrawal at the administrative hearing, because Agrawal had attempted to evade service of process and failed to file prehearing documents or appear at the prehearing conference. *See id.* at 623-26.

Dissatisfied with the Oklahoma Supreme Court's decision, Agrawal, through counsel, filed suit in federal district court. He identified multiple defendants, including ODOL, its Commissioner, and Holland. He claimed that the ODOL wage award was void because (1) he was barred from presenting evidence at the administrative hearing; and (2) Holland's employer was GEO, which was in bankruptcy proceedings when ODOL approved Holland's wage claim. The district court dismissed Agrawal's complaint without prejudice, citing a lack of subject-matter jurisdiction. The court explained that the *Rooker-Feldman* doctrine barred Agrawal's claims because he was "unquestionably seek[ing] review and rejection of the Oklahoma Supreme Court's decision affirming the ALJ's award of unpaid wages to Holland." *Agrawal v. Okla. Dep't of Labor*, No. CIV-16-3-D, 2016 WL 7324089, at *2 (W.D. Okla. Dec. 15, 2016) (noting that "the *Rooker-Feldman* doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment" (internal quotation marks omitted)).

Instead of appealing the federal district court's dismissal order, Agrawal filed the instant pro se litigation a year later. Agrawal's complaint cites 42 U.S.C. § 1983 and is mostly a rambling and elongated version of the complaint in the prior lawsuit. Agrawal again attempts to establish that GEO was Holland's employer and that evidence refuting

4

the wage claim was improperly excluded. In addition to some of the previous defendants, Agrawal added ODOL Compliance Officer Metheny, ODOL lawyers Towery and Don Schooler, the Board of Oklahoma County Commissioners, and Oklahoma District Judge Richard Ogden, who is apparently considering a motion for attorney fees filed by Holland against Agrawal. For relief, Agrawal seeks damages, a declaratory judgment, and an injunction prohibiting Holland "from collecting any money from any of the false non-employers" and barring Judge Ogden from "awarding money to Holland until Petitions to Vacate Judgements have run [their] [c]ourse thru the Court system." R., Vol. I at 25.

The federal district court noted that Agrawal had again brought suit expressing "his dissatisfaction with the state court proceedings." R., Vol. III at 370. The district court dismissed Agrawal's complaint without prejudice, concluding that its prior *Rooker-Feldman* "rationale . . . applies equally here," and that the Anti-Injunction Act (AIA) bars his request to enjoin state court proceedings. *Id.* at 371.

## DISCUSSION
### I. Standards of Review

We review de novo the dismissal of a complaint for lack of subject-matter jurisdiction under *Rooker-Feldman*. *See Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). We likewise "conduct de novo review of the district court's application of the [AIA]." *Tooele Cty. v. United States*, 820 F.3d 1183, 1187 (10th Cir. 2016). In conducting our review, we construe Agrawal's pro se filings liberally, but we do not serve as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

5

## II.  *Rooker-Feldman*[2]

The unmistakable theme in Agrawal's complaint is that ODOL and the state courts mistakenly ruled in Holland's favor.  Indeed, Agrawal attempts to relitigate the identity of Holland's employer and the exclusion of evidence at the administrative hearing.  But the Oklahoma Supreme Court has already resolved these issues.  "[T]he *Rooker-Feldman* doctrine prevents a party losing in state court from seeking what in substance would be appellate review of a state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir.) (brackets, ellipsis, and internal quotation marks omitted), *cert. denied*, 138 S. Ct. 517 (2017); *see also Exxon Mobil Corp. v. Saudi Basic*

---

[2] It is unclear why the defense of issue preclusion was not raised in the second round of the federal district court proceedings to block relitigation of the *Rooker-Feldman* issue.  It is a "sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise."  *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991).  Agrawal has now twice asked the federal district court to overturn the state judicial and administrative proceedings upholding ODOL's wage award to Holland.  The first time, the district court applied the jurisdictional bar of *Rooker-Feldman*.  In the absence of an appeal from that initial application of *Rooker-Feldman*, that was enough to end the matter, as "[t]he doctrine of issue preclusion comes into play when an issue involved in a prior decision is the same issue involved in a subsequent action," *Scrivner v. Mashburn (In re Scrivner)*, 535 F.3d 1258, 1266 (10th Cir. 2008) (internal quotation marks omitted); *see also id.* (explaining that when a party fails to appeal a lower-court order, issue preclusion, not law of the case, governs subsequent appellate review).  "[E]ven a dismissal without prejudice will have a preclusive effect on the [dispositive jurisdictional] issue in a future action."  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218-19 (10th Cir. 2006).  Nevertheless, we decline to sua sponte apply issue preclusion in this *Rooker-Feldman* rematch.  *See Jicarilla Apache Nation v. Rio Arriba Cty.*, 440 F.3d 1202, 1208 n.3 (10th Cir. 2006) (declining to sua sponte raise the affirmative defense of res judicata).

*Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Agrawal argues that *Rooker-Feldman* does not apply, however, because GEO was in bankruptcy when the ODOL ALJ affirmed Metheny's award to Holland in March 2010. Agrawal appears to reason that GEO's bankruptcy filing, in July 2009, voided all of the administrative and judicial judgments concerning the wage award, and therefore, he can contest in federal court Holland's wage claim.

Granted, the filing of a bankruptcy petition generally operates as an automatic stay against the commencement or continuation of judicial and administrative actions against the debtor that either were or could have been commenced before the bankruptcy filing. *See* 11 U.S.C. § 362(a)(1). But § "362(a) automatically stays proceedings *against the debtor only* and not co-debtors," *Otoe Cty. Nat'l Bank v. W&P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985) (emphasis added), or "guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor," *Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.)*, 23 F.3d 241, 246 (9th Cir. 1994). Thus, GEO's bankruptcy filing did not stay any proceedings against Agrawal. Indeed, we note that the bankruptcy judge rejected Agrawal's attempt to enforce the automatic stay, and Agrawal failed to prosecute his appeal from that decision.

7

Moreover, an automatic stay expires when the bankruptcy case is closed. *See* 11 U.S.C. § 362(c)(2)(A). Here, any stay that may have arisen upon GEO's bankruptcy filing expired in 2012. Thus, no stay was in place as to any party when the Oklahoma Supreme Court upheld the wage award in 2015.

*Rooker-Feldman* clearly applies to Agrawal's renewed federal attempt to overturn the wage award.[3]

---

[3] The ODOL defendants suggest that the *Rooker-Feldman* doctrine does not apply to Agrawal's claim(s) targeting Metheny, Towery, and Schooler because those defendants were not parties in state court. They are mistaken. Although the "*Rooker-Feldman* [doctrine] does not apply against nonparties to the prior judgment in state court," *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1235 (10th Cir. 2006), the district court did not apply it *against* Metheny, Towery, and Schooler; rather, the district court applied it against Agrawal, who was a party in state court. Moreover, *Rooker-Feldman* applies not only "to claims actually decided by a state court, [but also to] claims inextricably intertwined with a prior state-court judgment." *Kline*, 861 F.3d at 1180 (internal quotation marks omitted). The precise nature of Agrawal's claims against Metheny, Towery, and Schooler is unclear. But it is clear that Metheny awarded Holland wages and that attorneys Towery and Schooler defended the award. Thus, Agrawal's claims against them are inextricably intertwined with the state-court judgment(s) Agrawal seeks to void, and the *Rooker-Feldman* doctrine applies. *See Gisslen v. City of Crystal*, 345 F.3d 624, 629 (8th Cir. 2003) (stating that a federal litigant who "was a party to both the state and federal actions . . . cannot disguise the similarity between the two [actions] by adding parties to the latter [action]" in order to evade the *Rooker-Feldman* doctrine); *see also Narey v. Dean*, 32 F.3d 1521, 1525 (11th Cir. 1994) ("If the decision of a state agency has been upheld by a state court, then the *Rooker-Feldman* doctrine applies, because a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court.").

### III.  The AIA

The AIA "ordinarily prohibits injunctions against state-court proceedings." *Tooele Cty.*, 820 F.3d at 1187.  Specifically, the AIA provides:  "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "The [AIA's] exceptions are narrow and are not to be loosely construed."  *Tooele Cty.*, 820 F.3d at 1188.

Agrawal does not explain how his claims for injunctive relief avoid the AIA.  We will neither consider arguments inadequately presented in an opening brief, *see Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007), nor construct a party's arguments, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In short, Agrawal has waived any challenge to the district court's application of the AIA.

### CONCLUSION

We affirm the district court's judgment.  Agrawal's October 4, 2018, application for leave to reconsider this Court's order denying a stay pending appeal is denied as moot.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

9